## HORN *v.* BATCHELDER.

Where the plaintiff delivered timber for constructing a barn, under a special contract, which the plaintiff failed to fulfil according to its terms, but the defendant accepted and used a portion of the materials contracted for in the construction of the barn, it was *held* that the plaintiff was entitled to recover for the materials so used by the defendant, at the contract price, subject to a deduction of all the damages sustained by the defendant by reason of the non-performance of the contract.

ASSUMPSIT, Thomas Horn against John C. Batchelder, on an account annexed for timber, for a barn. The parties agreed that the timber was delivered upon a contract by the plaintiff to furnish and deliver the timber

for the frame, and certain other materials for the defendant's barn, but they disagreed as to the date and terms of the contract. The contract was not fully performed, according to the view of either party, but the materials furnished were used by the defendant in the construction of his barn, so far as they went, and the plaintiff's claim was on a· *quantum meruit* for the value of those materials.

The court held that the plaintiff was entitled to recover for the materials used by the defendant, at the contract price, subject to a deduction, if the defendant so elected, of all the damages directly sustained by the defendant, by reason of the non-performance of the contract.

It appeared the timber was to be delivered in the winter, by sledding, and to be paid for in March, after the delivery. A part was so delivered. The framing of the barn was not commenced until July 5th, and some of the materials were not delivered until after that time, and others were procured by the defendant, in consequence of the plaintiff's failure.

The defendant's counsel proposed to ask him, when on the stand as a witness, if he contracted with any one to build his barn ; at what time the contractor agreed to have the barn ready to receive his hay; if the contractor had made a claim against him for damages, in consequence of his failure to furnish the materials required, according to his agreement; and if he was liable to pay the contractor damages on that account ? The evidence was objected to, and held inadmissible.

The defendant proposed to ask a witness at what time the defendant's barn was finished so as to be ready to receive his hay; whether the delay in its completion was occasioned by the neglect of the plaintiff seasonably to furnish the materials ; and what was the condition of the defendant's hay when the barn was so finished. The evidence was objected to, and the last question held inadmissible.

It was proposed by the defendant to ask the contractor if he claimed damages on account of the delay in furnishing the materials, and how much ; and whether the defendant had agreed to pay him such damages. On objection, the evidence was not received. To these rulings the defendant excepted.

The verdict was for the plaintiff, and the defendant moved that it might be set aside, by reason of said exceptions.

*Emerson* and *Wheeler*, for the plaintiff.

*Hale* and *Whipple*, for the defendant.

NESMITH, J. The rule of damages laid down by the judge who tried this case, is believed to be sound, and consistent with other decisions in this State for many years past. The plaintiff relies upon his *quantum meruit*, and claims to recover upon the broad principle of equity, that he who gains the labor, and acquires the property of another, must make a reasonable compensation therefor.

The defendant has accepted a portion of the materials embraced in his special contract with the plaintiff, and appropriated them for the construction of his barn. Upon these materials the plaintiff has bestowed his labor. The plaintiff may have failed in furnishing all the materials he agreed to deliver to the defendant, or any of them, as soon as he had agreed to. But he says he is entitled to his compensation, not beyond what remains after deducting all the damages his employer may have suffered by his neglect or refusal to deliver the lumber at the stipulated time, and by his failure to deliver the quantity and quality of such lumber as might be requisite to complete the original contract.

Upon this principle the jury were instructed to find the actual amount due to the plaintiff in this case. So in

*Elliott* v. *Heath,* 14 N. H. 133, the plaintiff there refused to perform his special contract of labor for the defendant; yet the plaintiff was permitted, under his *quantum meruit* count, to recover the value of his services, and he had no right to complain of the defendant recovering of him all the damages occasioned by his refusal to perform his special contract, as well as any payment made or advanced in his behalf; and if these be equal to the actual value of the labor rendered, then the plaintiff recovers nothing. If, on the other hand, they fall short, then the plaintiff should recover a sum equal to the difference between them, and the value of his own services. Such, we understand to be the rule of damages in *Britton* v. *Turner,* 6 N. H. 481; *Wadleigh* v. *Sutton,* 6 N. H. 15; *Laton* v. *King,* 19 N. H. 280; *Davis* v. *Barrington,* 30 N. H. 519; *Hayward* v. *Leonard,* 7 Pick. 181; *Smith* v. *Society,* 8 Pick. 179; *Vandeusen* v. *Blair,* 18 Pick. 231; *Hayden* v. *Madison,* 7 Gr. 77.

In Maine, the court say the plaintiff may recover what is just and reasonable, under all the circumstances of the case. The plaintiff must not be a gainer by the non-fulfillment of his bargain; still the sum stipulated should be taken at the value of his services agreed to be rendered; that upon this basis so much should be deducted from the plaintiff's claim as would be required to finish the job according to the terms of the original contract of the parties. So recently, in Connecticut, the court say: The ancient rule that where the services of a person hired to labor for a specified time, ceases within that time, there can be no apportionment of wages for the actual time of service, and consequently no recovery for the services rendered, has recently been changed and relaxed. *Ryan* v. *Dayton,* 25 Conn. 188. In New-York, in the case of *Jewett* v. *Schrappell,* 4 Cow. 566, the court say: We consider it well settled that if there be a special agreement to do a piece of work, and the work be done, but not

pursuant to the agreement, either in point of time or any other respect, the party can recover on the common counts. Where there has been a deviation from the original contract, with the acquiescence of the defendant, or where the defendant has voluntarily derived a benefit under the contract, though it has not been strictly performed, the plaintiff may recover upon his *quantum meruit.* 4 Gr. Ev. 109; 4 Stark. Ev. 116. Where the defendant has partially availed himself of the plaintiff's labor, and the materials supplied by him, it seems now settled that if the work has been defectively done, the plaintiff cannot recover, except on a *quantum meruit* for the labor, and *quantum valebant* for the materials, to the amount of benefit actually derived. 2 Stark. Ev. 945.

We also think the ruling of the judge who tried this case correct, in excluding the testimony offered by the defendant, in relation to the building-contractor's claim of damages upon himself, in consequence of the failure of the plaintiff seasonably to furnish materials for the barn, or upon his liability to pay for them.

It appeared that before the commencement of this suit, no damages had been paid, or in any way ascertained or liquidated, as between the defendant and his contractor. It would, therefore, be permitting to substitute the contractor's vague and indefinite opinion for his own, and in a case where his own opinion could not be admitted. This would be in violation of the legal rule of ascertaining damages in cases of this kind.

The same remarks may be applied with force to the other exceptions in relation to the hay of the defendant. Various causes, beside those alleged, may have contributed to give the defendant bad hay. The evidence offered was, therefore, too remote, uncertain and irrelevant to the issue, to be weighed by the jury, and properly ruled out. *Elliot* v. *Heath,* 14 N. H. 131. There must, therefore, be                                    *Judgment on the verdict.*