EDWARD CADEN *vs.* JAMES E. FARWELL & another.

A father may maintain an action upon a covenant with himself to pay wages to his minor son for services as an apprentice.

The inability of an apprentice to work, caused by sickness without his fault, is no breach of his father's covenant in the indenture of apprenticeship, that he should "well and faithfully serve and give and devote his whole time and labor" to his master; nor is it ground for abatement or diminution of wages, which, in consideration of such a covenant, the master agreed to pay to him weekly during the whole term of apprenticeship, the master never having undertaken to terminate the contract.

CONTRACT on the defendants' covenant to pay wages to the plaintiff's minor son, contained in an indenture of apprenticeship executed by and between the plaintiff and the defendants, on January 13, 1864, which was appended to the declaration and set forth that, in consideration of the plaintiff's covenant, binding his son to the defendants, who were printers, " to well and faithfully serve them and give and devote to them his whole time and labor," as an apprentice, from the date of the indenture until January 13, 1867, when he would arrive at full age, the defendants covenanted, to and with the plaintiff, to pay to the said minor son the sums of six, seven, and eight dollars per week for

the first, second, and third years respectively of the term. The consent of the minor was expressed in the instrument, and attested by his signature. The alleged breach of covenant consisted in the defendants' failure to pay the stipulated wages for eleven weeks from January 1, 1866. Their answer set up that during this period the plaintiff's son rendered them no service, and so earned no wages.

In the superior court it was agreed that the indenture was executed as alleged, and also that the minor did no work during the eleven weeks, but that this failure to work was caused wholly by incapacity by reason of sickness which at the end of that period resulted in his death. The defendants contended on these facts that they were not liable, upon their covenant, for wages, during the minor's absence from work, though caused by his sickness and without his fault; and so the court ruled. A verdict was taken for the defendants; and the plaintiff appealed.

*B. Dean,* for the plaintiff.

*J. S. Abbott,* for the defendants. 1. The defendants, if liable at all, are so only to the legal representative of the deceased, not to the father in this action. Their contract was to pay wages to the minor himself. 2. But by act of God both parties were relieved from liability, for it was stipulated that the minor should give to them his whole time, and they were freed from obligation to pay wages while he was prevented from giving his time by sickness, just as much as after he was so prevented by death. If the plaintiff may maintain an action on their covenant to pay wages, they may equally maintain an action on his covenant for the minor's labor, during the period in dispute.

GRAY, J. It is immaterial whether the indenture sued on can be considered as made according to the statutes of the Commonwealth; for, if not, it is good at common law. Gen. Sts. c. 111, § 23. *Lobdell* v. *Allen,* 9 Gray, 381. In either aspect, as the father was entitled to the services of his minor son, and the consideration of the contract therefor moved from him, and the defendants' covenant was made with him for the payment of wages to the son, the father may maintain an action for breach

of that covenant. Gen. Sts. *c.* 111, § 14. 2 Walford on Parties, 1135, 1141. Met. Con. 206, 211.

The son's sickness during the time for which the plaintiff seeks to recover the amount of his wages is agreed not to have been occasioned by his fault. His illness by visitation of God was no breach of his father's covenant with the defendants that he should " well and faithfully serve them, and give and devote to them his whole time and labor " for three years, at the expiration of which he would come of age; and no ground for abatement or diminution, during his life, of the wages which the defendants had covenanted to pay him. The defendants never undertook to terminate the contract while he lived, and it was not determined by the law until his death. Dalt. Just. *c.* 58, p. 141. *Rex* v. *Christ Church,* Burr. Set. Cas. 497. *Rex* v. *Madington,* Ib. 677. *Cuckson* v. *Stones,* 1 El. & El. 248.

*Judgment for the plaintiff.*