WILLIAM PARTINGTON *vs.* WAMSUTTA MILLS.
MALLEY PARTINGTON *vs.* SAME.

In a suit by a servant for his wages, the question whether he left his master's employ without notice, within the meaning of a provision in the contract of hiring that upon such leaving he should forfeit his wages, is to be determined by evidence of his acts and not of his undisclosed intentions.

ACTIONS OF CONTRACT, on accounts annexed, for services as weavers in the defendant's mills. The cases were tried together in the Superior Court, before *Putnam*, J.

It appeared that each of the plaintiffs, who were man and wife, entered the service of the defendants under a written contract which contained the following provision : " If I leave or am obliged to leave the employ " of the defendants " from any cause whatever without giving and working out the two weeks' notice required by " the defendants, " I forfeit to them whatever may be

due to me;" that each of the plaintiffs was in charge of five looms in the weaving room; that each room had an overseer and a deputy overseer, and the superintendent had an office at the door of the mill; that the plaintiffs, in working hours, at about four o'clock in the afternoon, and when four or five hundred other operatives were at work in the same room, left the room, abandoning all of the ten looms and casting off the belts, and left the mill and went home without asking any leave or making any statement to the deputy overseer or superintendent, no sickness or other cause being alleged, and the overseer being absent at the time.

The plaintiffs testified that one of the five looms in charge of Malley was out of order; that they tried to set it right, as did also the man in charge, but failed; that they then went away, leaving their weaving tools, which belonged to them, in the mill; that William returned to the mill about half-past five o'clock the same afternoon, and on being asked by one of the men in charge what was the matter, was told that the loom should be set right, and was further told to go and they would send him word in the morning; and that he waited till nine o'clock the next morning, about three hours after work began, when, receiving no message, they went to see the reason, and were sent away without being allowed to go to work. This testimony was contradicted by the defendants' witnesses.

The defendants asked the judge to rule " that a leaving the mill in working hours, abandoning ten looms, or five by William and four by Malley, without leave, or asking leave, and without sickness or any other cause than set up in this case, was a desertion of the mill and worked a forfeiture." But the judge refused so to rule, and ruled " that a leaving the mill in working hours, abandoning ten looms, or five by William and four by Malley, without leave or asking leave, and without sickness or any other cause than set up in this case, was evidence for the jury to consider on the question of an intention to leave the employment of the defendants, which would work a forfeiture of the wages," and submitted to the jury the question of the intent of the plaintiffs, and whether they meant to abandon their employment permanently

or only to omit working for a while, until the loom should be repaired. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*T. M. Stetson,* for the defendants.

*J. Brown,* for the plaintiffs.

COLT, J. The plaintiffs worked for the defendant corporation under an agreement to forfeit whatever wages might be due, if they left the employ of the company without giving two weeks' notice. The notice was not given. There was evidence in support of the plaintiffs' case that a loom at which the female plaintiff worked was out of order. And the only question at the trial was whether the conduct of the plaintiffs was an unjustifiable abandonment of the defendants' employment within the meaning of the contract.

The defendants in substance requested the court to rule that the facts proved an abandonment, but the judge instructed the jury in effect that they were only to have weight on the question cf intention, and that leaving work for a while, until the loom should be repaired, would not be an abandonment. We think the jury may have been misled by this.

The rights of the plaintiffs must be determined by giving due effect to their conduct and declarations. The inquiry is as to the actual facts connected with the leaving. An undisclosed intention on their part would not affect the right of the defendants to treat the contract as broken upon the facts which came to their knowledge. Nor could it be ruled as a matter of law that leaving work for a while until the loom should be repaired would not be a breach of the contract. It was at least a question of fact to be submitted to the jury. No question of pleading was raised at the argument. *Exceptions sustained.*