## DANIEL NAYLOR *vs.* FALL RIVER IRON WORKS COMPANY.

Suffolk. March 2. — Sept. 15, 1875. MORTON & ENDICOTT, JJ., absent.

A servant, whose contract of hiring provides that if he intends to leave his master's employ he will give notice of such intention and work ten full working days thereafter, and, in default thereof, forfeit all money that may be due him, cannot recover from the master wages previously earned, if without sufficient cause he leaves his work without giving the required notice, and remains away so long as to warrant the master in regarding his absence as an abandonment of his work, and procuring another person to supply his place, although his intention is to be absent only temporarily.

CONTRACT on an account annexed, for services in the defendant's mill from May 31 to June 23, 1873. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The defendant admitted that the plaintiff worked for it the number of days and for the price claimed, but alleged that, at the time of entering the defendant's employment, the plaintiff signed the following agreement, which was read over and explained to him at the time of signing : " I, the undersigned, employee of the F. R. I. Works Co., agree that in case I intend to leave their employment I will give notice of such intention and work ten full working days, in default of which I agree to forfeit all money that may be due me." The plaintiff's work consisted in taking the iron as it came from the furnaces and passing it through the rolls, and the testimony tended to show that this could not be done by a green hand. The defendant introduced evidence tending to show that on June 23, 1873, the plaintiff came to the de-

fendant's superintendent and asked leave to go away that day on an excursion ; that the superintendent said to him that he had let all the men go whom he could spare, and that he must stay : that the plaintiff thereupon said that he must go, and the superintendent, in reply, said, " Very well, work your notice and then go," and the plaintiff answered that he would go home and change his clothes and come back, and went away and did not come back till two or three days after, when, the defendant in the mean time having got a man in his place, he came to the superintendent and asked him what he (the plaintiff) was going to do, and the superintendent said he did not know, and passed on, and the plaintiff thereupon stood round awhile and then went away, and did not again come to the superintendent ; and there was no evidence that he applied to any one connected with the defendant corporation afterwards, except for his pay.   This was all the testimony for the defence, and the plaintiff introduced no evidence, the judge being of opinion that it was a question for the jury whether, upon the above facts, the plaintiff intended to leave the defendant's employment.   The defendant thereupon requested the judge to rule that, upon the above facts, the act of going away and not returning either to work or to work his notice, after having been refused leave of absence, was an abandonment of his employment and worked a forfeiture of the plaintiff's wages, whatever his intentions may have been at the time of going away.   The judge declined so to rule, and instructed the jury that the plaintiff was entitled to a verdict unless the jury were satisfied that he intended to leave the defendant's employment, in the common and obvious meaning of the phrase, and not merely to be absent temporarily without leave.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*J. M. Morton, Jr.*, for the defendant.

*T. Riley*, for the plaintiff.

BY THE COURT.   The construction of this contract must be that the forfeiture is incurred by the fact of leaving the employment without previous notice.   If the plaintiff left his work wilfully, without sufficient cause to justify or excuse his conduct, under such circumstances and in such manner that the defendant, considering the nature of the work and its relations to the other

operations of the defendant's business, might fairly and reasonably regard his leaving and continued absence as an abandonment of his work, rendering it necessary to procure another person to supply the place, it was a breach of the agreement and a forfeiture according to its terms, although there may have been an intention on the part of the plaintiff to be absent only temporarily, and to return to his work at his own convenience. The case is governed by that of *Partington* v. *Wamsutta Mills*, 110 Mass. 467                                        *Exceptions sustained.*