JOHN HARRINGTON *vs.* FALL RIVER IRON WORKS COMPANY.

Bristol.    October 26. — 28, 1875.    WELLS & MORTON, JJ., absent.

A servant, who by his contract of hiring agrees that if he intends to leave his master's employ, he will give notice of such intention, and work ten full working days thereafter, and, in default thereof, forfeit all money that may be due him, may recover from the master wages previously earned, if he is kept from his work by sickness, gives reasonable notice thereof to the master, and is absent only so long as he is so disabled.

CONTRACT on an account annexed, for services in the defendant's mill during fifteen days in the month of May, 1873. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows :

No question was made at the trial as to the amount due, if the plaintiff was entitled to recover. It appeared that the plaintiff on entering the employ of the defendant signed an agreement, a copy of which is printed in the margin ; * that, after working for the defendant a short time, that part of the works in which he was laboring suspended operations, and he ceased to work for the defendant and was paid in full. The evidence was conflicting as to whether he was discharged or not, the plaintiff contending that he was, and the defendant contending that he was told he might return when that portion of the works started up, and that he did in fact in about eight weeks afterwards return and was set to work in another part of the establishment. After his return as aforesaid, which was in January, 1873, the plaintiff continued to work as the defendant intended under the contract aforesaid until May 19, 1873 ; at the close of his work on that day he left as usual, and did not return till the following Monday. The superintendent, after waiting two or three days, and, as he testified, hearing nothing from him, hired another man in his place, and told the plaintiff, when he came to him on the Monday aforesaid, that he had nothing for him to do. The plaintiff testified that he was compelled to stay away by sickness, and

---

* "I, the undersigned, employee of the F. R. I. Works Co., agree that in case I intend to leave their employment I will give notice of such intention, and work ten full working days ; in default of which I agree to forfeit all money which may be due me."

there was no evidence to the contrary, and that he sent word to the superintendent of that fact; the evidence was conflicting as to whether he did or did not send word.

The judge, among other instructions not objected to, instructed the jury that if the plaintiff was prevented from working by sickness, and gave notice to the defendant of the fact in a reasonable time, and returned to his work as soon as he was able, that would not be such a leaving of the defendant's employ as to require the working of the notice, and that he would be entitled to recover. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. M. Morton, Jr.*, for the defendant.

*H. K. Braley*, for the plaintiff, was not called upon.

GRAY, C. J. If, as the jury have found under the instructions of the court, the plaintiff was kept from his work by sickness, and gave reasonable notice thereof to the defendant, and was absent only so long as he was so disabled, his absence was not wilful or intentional, and did not forfeit his right to his wages, either under the contract of the parties, or by the general rules of law. *Naylor* v. *Fall River Iron Works*, 118 Mass. 317. *Noon* v. *Salisbury Mills*, 3 Allen, 340. *Fuller* v. *Brown*, 11 Met. 440. *Caden* v. *Farwell*, 98 Mass. 137. *Exceptions overruled.*