## McCLELLAN V. HARRIS.

1. By statutory implication, a contract to perform personal services for a fixed term contains a stipulation releasing an employe from liability when performance is prevented by an irresistible, superhuman cause.

2. Consequently, one who is prevented, by sickness occasioned by no fault of his, from continuing in the service of his employer, under a contract to labor upon a farm for a specified term at a stipulated price per month, may recover reasonable compensation for services performed, irrespective of the rule by which to measure the rights of one who willfully, and without good cause, quits his employer during the term for which he has agreed to labor.

(Syllabus by the Court. Opinion filed, Oct. 1, 1895.)

Appeal from circuit court, Clark county. Hon. J. O. ANDREWS, Judge.

Action for services. From a judgment in the circuit court reversing the judgment for defendant, the latter appeals. Affirmed.

The facts are stated in the opinion.

*C. G. Sherwood,* for appellant.

A party contracting to labor for a definite term, who fails to fulfill his contract by reason of sickness, is liable to have the amount of his recovery reduced from the contract price by the damages sustained by his employer in consequence of his not being able to complete the full term of service. Patrick v. Putman, 27 Vt. 759; Clark v. Gilbert, 26 N. Y. 279; Allen v. McKibben, 5 Mich. 449; Fay v. North, 19 Barb. 341; Smith v. Hill, 3 Ark. 173; Hubbard v. Belden, 27, 645; Green v. Linton, 7 Post. 133; Ryan v. Dayton, 25 Conn. 188; Knight v. Bean, 22 Me. 531; Earp v. Tyler, 73 Miss. 617; Hillyard v. Crabtrees, 11 Tex.

254; Britton v. Turner, 6 N. H. 481; Hunter v. Waldron, 7 Ala. 753.

*S. A. Keenan*, for respondent.

Contracts for personal services are subject to this implied condition that the person shall be able at the time appointed to perform them. Spaulding v. Rosa, 71 N. Y. 41; Britton v. Turner, 6 N. H. 481. Sickness or death is generally regarded as the act of God in such a sense that it excuses a non-performance, and a recover may be had on a *quantum meruit*. Green v. Gilbert, 21 Wis. 401; Jennings v. Lyons, 39 Id. 533, 3 Waits Act. and Def. 15; Foster v. Watson, 16 B. Mon. 377; Lakeman v. Pollard, 43 Me. 463; Eaken v. Harrison, 4 McCord, 249; Sugg v. Blow, 17 Mo. 359; Lawson's R. Rem. & Pr. 2521; 2 Sutherland Damages, 457. An employer cannot maintain an action against an employe, for damages caused by the latter being sick and unable to perform his contract and therefore cannot recoup damages as an offset. 3 Am. & Eng. Ency. Law, 902; Robinson v. Davidson, L. R. 269. Stewart v. Loring, 5 Allen, 366; Walker v. Tucker, 70 Illl. 527; Taylor v. Caldwell, 3 Best. & S. 838; Lacy v. Getman, 119 N. Y. 809; Shulz v. Johnson, 5 B. Mon. 497.

FULLER, J. This action is prosecuted by a legal representative of Roderic C. McClellan, deceased, to recover from the defendant for labor performed by the latter during the farming season immediately preceding his death. Plaintiff obtained judgment for $53.35, and defendant appeals. There is no dispute about the facts, which, briefly stated, are as follows: Under a verbal agreement to serve defendant, for $23 per month, as a farm laborer, from the 25th day of April, 1892, until the ground became frozen in the fall, Roderic C. McClellan began at that date and continued to work on defendant's farm until the 16th day of August of that year, when, by reason of serious illness, he became wholly unable to perform any further manual labor, and so continued sick and disabled during the entire remainder of the term of his employment. Appellant admits that the service for which no

compensation had been made were reasonably worth the amount for which judgment was rendered, but maintains that he was entitled to recoup damages, in the sum of $55, for the failure of McClellan, deceased, to continue his labor during the entire term specified in the contract.

Respondent concedes, upon the record, that appellant is entitled to judgment for $1.35, together with costs and disbursements, in case it should be found, as a matter of law, that appellant's contention is correct. No question of bad faith upon the part of either the employer or the employed is presented by the record. It does not appear reasonable that the rule by which courts measure the rights of one who willfully, and without good cause, refuses to continue in the service of his employer during the time for which he has agreed to labor, sould be applied to an unfortunate and faultless person, whom Providence has stricken down, and prevented from a full performance of his contract. Under section 3773 of the Compiled Laws, every contract of employment is terminated: "(1) By the expiration of its appointed term; (2) by the extinction of its subject; (3) by the death of the employe; or (4) by his legal incapacity to act as such." If it can be said that appellant's employe quit his service "for good cause," then under the facts admitted and stipulated in the record, the judgment appealed from must not be disturbed. Comp. Laws, § 3779.

In a note at page 453, 3 Am. & Eng. Enc. Law, the phrase "good cause," as used in statutes, is defined to be a sufficient cause"; and we say without hesitation, that the irresistible, superhuman cause which disabled, unnerved, and placed the employe of appellant upon his deathbed, is a good cause and a sufficient excuse for his failure to perform the arduous toil of an ordinary farm laborer. By the act of God he was prevented from fully performing his contract, and his administrator is entitled to recover the balance due for his services, upon a *quantum meruit*, without recoupment. The agreement was made with reference to the statutory and common law, which never insists upon, but always excuses, the ful-

fillment of an agreement to perform personal labor when, by the act of God, its performance becomes impossible; and in such a case it may be said that the contract contains an implied stipulation that the laborer will enter upon and continue to work for the full term specified, unless prevented by sickness or death occasioned by no fault of his, and in that event he is released from liability. Such an agreement has been likened to an absolute promise to marry, where performance is rendered impossible by the death of either party. In such case no liability attaches to a failure to fulfill the contract, because the law conclusively presumes that the contract was made upon the condition that both parties should live. Dexter v. Norton, 7 Am. Rep. 415. In Wolfe v. Howes 75 Am. Dec. 388, concerning a contract to render personal service, the court says: "The law gives a reasonable construction to all contracts. For instance, in the present case, did the parties intend that the contract should be binding upon the plaintiff's testator in case of unavoidable sickness or death, or did they intend, and is it to be implied, that each should perform, as to the other, according to the terms of the contract, *Deo volente*? It appears that a fair and legel interpretation would answer this question in the affirmative, and that such a provision must be understood as written in the contract. Nor is this principle wanting sanction either by elemetary writers or adjudged cases. 'Where the performance of a condition is prevented by the act of God * * * it is excused.'" Section 3563 of the Compiled Laws is as follows: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." Contracts to perform personal labor are considered as made on the implied condition that the employe shall be alive, and capable of performing the contract; and inability to work, produced by unavoidable necessity, constitutes an excuse for not laboring, and he is entitled to recover reasonable pay for services performed. 2 Suth. Dam. 462, 463; Spalding v. Rosa, 71 N. Y. 41; Britton v. Turner, 6 N. H. 481; Jennings v. Lyons, 39 Wis. 553; Harrington v. Iron Works Co., 119 Mass. 82;

Lakeman v. Pollard, 69 Am. Dec. 77; Lacy v. Getman, 119 N. Y. 109, 23 N. E. 452; Fahy v. North, 19 Barb. 341; Green v. Gilbert 21 Wis. 401; Ryan v. Dayton, 25 Conn. 188; 14 Am. & Eng. Enc. Law, 780; Stewart v. Loring, 5 Allen, 306.   The courts have, in accordance with our views, so often answered the question here presented, that further citation of authority is unnecessary.   We characterize as unjust, and reject as unreasonable, the inculcation of a doctrine which would defeat a recovery in the case before us. The judgment of the trial court is affirmed.