PUTNAM MACHINE COMPANY *vs.* JOHN MUSTAKANGAS.

Worcester.  September 27, 1920. — October 16, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Consideration, Validity, What constitutes.  *Apprentice.  Damages,* Liquidated.

By a contract in writing between a father, his minor son and the son's employer, a corporation, the son became an apprentice to the employer for three years to learn the trade of a machinist, the employer agreed to furnish the son with suitable work and supervision and faithfully to instruct him at its shop, and the father, in consideration of the employment of his son, released all claims to the son's wages and stipulated that they should be paid directly to the son and agreed that, if the son should violate any terms of the contract, he, the father, was to pay to the employer the sum of $100 "as ascertained and liquidated damages for such breach of contract." In an action by the employer against the father for breach of the contract, it was *held,* that

(1) There was a consideration for the contract as between the employer and the father;

(2) Although the contract was not a statutory indenture of apprenticeship nor made in accordance with the provisions of R. L. c. 155, it was valid and enforceable at common law by the employer against the father;

(3) Not being a statutory agreement of apprenticeship, the employer was not compelled by R. L. c. 155, § 11, to seek redress in the Probate Court, but might proceed at common law;

(4) The provision as to liquidated damages was valid.

A contract in writing, purporting to be between a corporation and an individual, may be enforced by the corporation against the individual if he signed it and it was assented to and accepted by the corporation, even if the corporation's name never was signed to it.

CONTRACT, with a declaration, as amended, in two counts, the first count (upon which the action was submitted to the jury) being upon the agreement in writing between the plaintiff, the defendant and the defendant's son described in the opinion. Writ in the Police Court of Fitchburg dated October 16, 1917.

On appeal to the Superior Court, the action was tried before *N. P. Brown,* J. There was no evidence of damage to the plaintiff. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1.  Upon all the evidence the plaintiff is not entitled to recover.

"2. The contract declared upon was not executed in accordance with the statutes, R. L. c. 155.

"3. The contract declared upon is invalid and voidable.

"4. The jurisdiction under R. L. c. 155, was conferred exclusively to the Probate Court and the Superior Court has no jurisdiction."

The rulings were refused.

The judge ruled, subject to an exception by the plaintiff, that the plaintiff could recover nominal damages only. There was a verdict for the plaintiff in the sum of $1; and both parties alleged exceptions.

The case was submitted on briefs.

*G. K. Hudson & G. M. Barrows,* for the plaintiff.

*F. A. Anderson & J. A. Anderson,* for the defendant.

CARROLL, J. The plaintiff, the defendant and the defendant's son were parties to a written contract by which the son became an apprentice to the plaintiff for the term of three years to learn the trade of a machinist. We assume the defendant's son was a minor. The plaintiff agreed to furnish the apprentice with suitable work and supervision and faithfully to instruct him at its shops in Fitchburg. The defendant, in consideration of the employment of his son, released all claims to his wages and stipulated that they should be paid directly to him, and if the son should violate any of the terms of the contract, the defendant was to pay the plaintiff the sum of $100 "as ascertained and liquidated damages for such breach of contract." The jury returned a verdict for $1, and the case is before us on exceptions of both the plaintiff and the defendant.

There was a consideration for the contract. *Caden* v. *Farwell,* 98 Mass. 137. *Crombie* v. *McGrath,* 139 Mass. 550. Although the agreement sued on was not a statutory indenture of apprenticeship and was not made in accordance with the statutes of the Commonwealth governing the relation of masters and apprentices, R. L. c. 155, under it the plaintiff, as against the defendant, had the right to the services of the son; the contract was valid at common law, and an action could be maintained for its breach. *Day* v. *Everett,* 7 Mass. 145. *Phelps* v. *Townsend,* 8 Pick. 392. *Lobdell* v. *Allen,* 9 Gray, 377. *Caden* v. *Farwell, supra. Crombie* v. *McGrath, supra. Dickinson* v. *Talmage,* 138 Mass. 249.

The defendant also contended that the plaintiff could not recover because it failed to prove the proper execution of the contract. He admitted signing the agreement, and upon the "copy" delivered to him "was written by a typewriter 'Putnam Machine Company' but it was not signed by anyone." It was not questioned that the contract was assented to and accepted by the plaintiff; it therefore became bound by its terms, even if the instrument was not signed by it. *Phelps* v. *Townsend, supra. Newell* v. *Hill,* 2 Met. 180, 181. *Maine* v. *Cumston,* 98 Mass. 317, 320. *Bartlett* v. *Boston,* 182 Mass. 460.

Section 11 of R. L. c. 155, giving the Probate Court jurisdiction of complaints, of misconduct, or neglect of the master, or the wilful neglect or the gross misbehavior of the apprentice, has reference to the statutory agreement of apprenticeship, and does not bar the plaintiff from enforcing its rights under the common law agreement.

The exceptions of the defendant are overruled.

There was no evidence that the plaintiff suffered damage by the breach of the contract and the judge instructed the jury that, if they should find for the plaintiff, they were to return a verdict for nominal damages only, to which instruction the plaintiff excepted. From the nature of the undertaking and the subject matter of the contract, it might be difficult to determine the exact amount of damages. The parties might well agree upon them when the contract was made. It does not appear that they are excessive. It is expressly stated that the defendant was to pay $100 as ascertained and liquidated damages if the agreement was not fulfilled by his son. There is no suggestion of a penalty: the language indicates the intention of the parties to be that the sum agreed upon should be treated as liquidated damages, and not as a penalty. *Cushing* v. *Drew,* 97 Mass. 445. *Leary* v. *Laflin,* 101 Mass. 334. *Guerin* v. *Stacy,* 175 Mass. 595. *Garst* v. *Harris,* 177 Mass. 72. *Morrison* v. *Richardson,* 194 Mass. 370. *Kaplan* v. *Gray,* 215 Mass. 269. The instructions given on this point were erroneous. The plaintiff's exceptions must be sustained and judgment entered for the plaintiff in the sum of $100 with interest from the date of the writ. St. 1913, c. 716.

> *The defendant's exceptions are overruled.*
> *The plaintiff's exceptions are sustained.*