FRANK WILSON MUNDEN, an Infant, by ELIZA JANE MUNDEN, His Guardian ad Litem, and Others, Plaintiffs, *v.* HENRY McDANIEL and Others, Conducting a Racing Stable under the Name of DORWOOD STABLES, Defendants.

Supreme Court, Queens County, March 30, 1934.

*Robert N. Rose,* for the plaintiffs.

*Louis H. Rowe,* for the defendant Henry McDaniel.

*Harold R. Zeamans,* for the defendants Victor Emanuel and Joseph P. Smith.

SMITH (PETER P.), J. The four separate causes of action alleged by the plaintiffs arise out of the alleged breach of a contract hiring the infant plaintiff " as a stable boy and rider of horses." The said first defense alleges in substance that the infant plaintiff was hired in Canada for an apprenticeship term of four years, and, among other things, subject to the reasonable rules and regulations of the Jockey Club of New York, and that said contract is void as against the public policy of the State of New York.

The contract is not annexed to either the complaint or the said answer as an exhibit. The rules of said jockey club are not pleaded and neither the general reference to said rules nor any other allegation contained in said defense alleges that the agreement between the parties was to be performed in this State. But even assuming such allegations to be present, the contention of the said defendants that said agreement is void under the laws of this State is not well taken. The agreement, so far as now shown, is subject to the general rule that its validity depends upon the *lex loci contractus* and will be enforced here unless against the public policy of the State. (4 C. J. 1432.)

The former provisions of the Domestic Relations Law concerning apprenticeship had previously been contained in the Revised Statutes and were simply regulatory. (*People ex rel. Barbour* v. *Gates,* 43 N. Y. 40, 44; *Aborn* v. *Janis,* 62 Misc. 95, 99; *Potter* v. *Greene,* 39 Hun, 72, 75.)

The repeal of section 120 of the Domestic Relations Law, relating to apprenticeship, in 1923, was incidental to the reformation of the State Charities Law. To deduce from such repeal a declaration of general public policy adverse to apprenticeship overlooks the

continued recognition thereof by other statutes; for instance, Public Health Law, section 235 (now Education Law, § 1356); Poor Law, section 98 (now Dom. Rel. Law, § 115, in part), and Penal Law, section 39. It also ignores the common law of this State where the right of an infant to bind himself as an apprentice did not depend upon statute. (*Potter* v. *Greene, supra; People ex rel. Barbour* v. *Gates, supra; Putnam Machine Co.* v. *Mustakangas,* 236 Mass. 376, 377.)

It is well settled that in the absence of allegations and proof to the contrary the common law of the place where the contract was made is presumed to be the same as the common law of this State. At common law such an agreement is valid here.

The said first defense is legally insufficient under rule 109, subdivision 6, of the Civil Practice Act, and it is stricken out.

The purported copy of the contract submitted with defendants' memorandum of law is not properly before the court and it has not been considered.

The fourth defense alleges in substance that the plaintiffs, being aliens, made the agreement sued upon in Montreal, Canada, prior to the commencement of its term; that the parties intended it to be performed here and that the infant plaintiff was brought here for the purpose of performance and that his fare was paid by defendant McDaniel under the terms of the agreement. That all this was in violation of the laws of the United States, act of February 26, 1885, chapter 164, section 2 (U. S. Code, tit. 8, § 141; 23 U. S. Stat. at Large, 332), which in effect voids any agreement so made for the performance of labor or services in the United States. The motion admits the allegations referred to, and the agreement so made would seem to come within the condemnation of said statute.

Motion under rule 109, subdivision 6, of the Civil Practice Act denied as to fourth defense.

The fifth defense alleges in substance that the agreement is void under the Contract Labor Laws of the United States, being act of February 5, 1917, chapter 29, section 3 (U. S. Code, tit. 8, § 139; 39 U. S. Stat. at Large, 875), as amended by act of June 5, 1920, chapter 243 (41 U. S. Stat. at Large, 981). This act excludes aliens from admission into the United States who so come here under contract to perform labor of any kind, skilled or unskilled, with certain classes excepted.

The infant plaintiff was employed as a stable boy and a rider of horses, and as such, while serving his apprenticeship, he was entitled to and did receive substantial monthly remuneration, and it is alleged, and the court is of the view, that he does not come within

the exceptions referred to. (*Matter of Kunijiro Toguchi*, 238 Fed. 632; *Matter of Charlambsis*, 124 id. 637, 642, 643.)

Motion under rule 109, subdivision 6, of the Civil Practice Act, denied as to fifth defense.

The motion in so far as it attacks said defenses under rule 103 upon the ground that they are sham and frivolous is overruled. When the court has to apply processes of reason to any defense it is neither sham nor frivolous.

But all the defenses subsequent to the first are improperly pleaded under rule 103 in that they each include, by reference, the allegations of each and all preceding defenses. This is repetitious, unnecessary and improper, and upon these grounds the motion is granted as to the fourth and fifth defenses under rule 103.

Defendants Smith and Emanuel are granted leave to serve an amended answer within ten days after service of order entered hereon upon payment of ten dollars costs by each defendant.

Settle order.