## MICHAEL L. CUSHING *vs.* JOHN B. DREW.

C. sold to D. certain horses and wagons and the good will of an express business in the town of W., for six hundred and fifty dollars, and agreed in writing not to do any express business, nor cause any to be done, in that town so long as D. should do such business there, and, in event of violating this agreement, to pay to D. nine hundred dollars. *Held*, that this sum of nine hundred dollars was stipulated as liquidated damages.

CONTRACT on a promissory note. The defendant filed a declaration in set-off founded on an alleged breach of the following written agreement signed by the plaintiff.

" October 2d, 1865. I, Michael L. Cushing, this day have sold John B. Drew two horses, two one-horse express wagons, and one express harness, and all of the express business I have in East Weymouth, for six hundred and fifty dollars, (five hundred dollars cash and one note of one hundred and fifty dollars, to be paid in six months from date.) And I, Michael L. Cushing, do agree not to do any express business, nor cause any to be done, in East Weymouth, so long as said John B. Drew or his heirs is doing the express business in East Weymouth. In violation of the above, I, Michael L. Cushing, do agree to pay John B. Drew, or his heirs, the sum of nine hundred dollars. In all of the above I do agree."

To this declaration in set-off the plaintiff demurred upon the ground that it was a claim for unliquidated damages; and in the superior court *Lord*, J., sustained the demurrer. A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*A. French*, for the defendant.

*E. Avery*, for the plaintiff.

CHAPMAN, J. The plaintiff agreed not to do any express business, nor cause any to be done, in East Weymouth, so long as the defendant should be doing business there, and for the violation of this agreement he agreed to pay the defendant the sum of nine hundred dollars. The question presented is whether this sum is to be treated as a penalty or as liquidated damages.

The tendency and preference of the law is to regard a sum stated to be payable if a contract is not fulfilled, as a penalty, and not as liquidated damages. *Shute* v. *Taylor*, 5 Met. 61. *Wallis* v. *Carpenter*, 13 Allen, 19. Yet courts endeavor to learn from the subject matter of the contract, the nature of the stipulations, and the surrounding circumstances, what was the real intent of the parties; and are governed by such intent. *Lynde* v. *Thompson*, 2 Allen, 456. In that case the damages were held to be liquidated, in view of the fact that the contract was for doing a simple specific act, and that there were no adequate means furnished by the contract or otherwise for ascertaining the precise damage which might result from the breach of it.

The same reasoning applies to this case. The stipulation is for a single thing, namely, to abstain from interference with the business which the plaintiff had sold to the defendant; and it is difficult to ascertain the damages that may result from the breach of such a contract. The language of the contract also imports a stipulated sum rather than a penalty; and this construction being confirmed by the nature of the stipulations, the court adopt it. The contract is, therefore, a proper subject of set-off. The case differs from that of *Fisk* v. *Gray*, 11 Allen 133. The instrument in that case was in form of a bond, and was given to secure the payment of several distinct sums.

*Exceptions sustained.*