EDWARD LEARY *vs.* ARTHUR W. LAFLIN & others.

In an action on a bond for the payment of $1000, "as liquidated damages," to the lessor of a stable and the good will of its business, if the lessee should not keep the stable during the demised term in manner as satisfactory to all reasonable parties as the lessor had previously done, and at the end of the term surrender "said demised premises and good will in as good repute and run of custom as now thereto pertain," *Held*, that the sum named was to be considered liquidated damages, and not a penalty.

CONTRACT, begun March 14, 1868, on a bond of Laflin, with two sureties, dated July 1, 1866, for the payment of $1000 to the plaintiff, on the following condition :

"Whereas the said Leary has this day leased to the said Laflin a certain stable, building and land on Northampton Street in said Boston, reference being had to said lease of same date with these presents; Now, if the said Laflin, or his assigns or subtenants, for and during the term of said lease shall carry on the boarding and livery stable business at said demised premises, in the same manner and extent, and in as good, safe, carefu' and faithful a manner, satisfactory to all reasonable parties, as the said Leary has there carried on said business for the last five years, and, at the termination of said lease by time or otherwise, surrender to said Leary, or his representatives, the said demised. premises and good will, in as good repute and run of custom as now thereto pertain, all the above so far as may depend on said Laflin's best exertions and care, then this obligation shall be null and void, otherwise to remain in full force and virtue, and to be paid as liquidated damages."

At the trial in the superior court, before *Devens*, J., the plaintiff introduced the bond in evidence, and also the lease, which was of " the good will and run of patronage of the stable," as well as of the land and buildings, for the term of five years, and bore the same date with the bond; offered evidence tending to show a breach of the condition of the bond ; and requested the judge to instruct the jury " that, if they found that the conditions of the bond had been broken, they should return a verdict for the plaintiff to the amount of $1000, being the sum named in

said bond as liquidated damages, and that this amount was to be considered as liquidated damages, and not as a penalty."

The judge refused so to instruct the jury, and ruled "that the sum named in the bond was to be considered as a penalty, and not as liquidated damages, there being two conditions, a violation of either of which would entitle the plaintiff to maintain his action on the bond; first, that the lessee should carry on the business in the manner provided for in said bond, for the term of five years, and second, that he should surrender the premises and good will, at the termination of the lease, in as good repute and run of custom as then pertained thereto; and that the plaintiff was entitled to recover only such damages as he proved."

The jury found for the plaintiff, with nominal damages only; and he alleged exceptions.

*T. Weston, Jr.*, for the plaintiff.

*O. Stevens*, for the defendants.

COLT, J. It is the duty of courts to enforce the lawful contracts of competent parties, fairly made upon good consideration; and when in such contracts the parties have agreed to liquidate the damages resulting from a breach, the jury are bound to find the amount agreed.

Whether in any particular instance the sum named is to be regarded as a penalty, or as liquidated damages, will depend upon the intent of the parties, as gathered from the terms of the whole contract, applied to the subject matter. The mere use of the words "liquidated damages" is not decisive. In applying the rules of interpretation, forfeitures are not favored, and if possible the sum named is treated as a penalty, because then the defendant is permitted to show the actual damage. The rules of construction which govern in these cases are fully and well stated in *Lynde* v. *Thompson*, 2 Allen, 456, and need not be here repeated.

The condition of this bond was substantially for the performance of one thing, namely, the carrying on of the livery business, during the term of the lease, faithfully and as it had been before conducted by the lessor, so as not to impair its good repute and run of custom. From the nature of the case, the actual dam-

ages resulting from a breach of this agreement are not capable of being ascertained by any satisfactory and known rule, and it was manifestly the intention, as it was clearly within the power, of the parties, not to leave them to the uncertain estimate of the jury, but to fix them by express agreement.

In the opinion of the court, there was error in holding the sum here named to be in the nature of a penalty, instead of liquidated damages. *Cushing* v. *Drew,* 97 Mass. 445. *Fisk* v. *Gray,* 11 Allen, 132. *Green* v. *Price,* 13 M. & W. 695; *S. C.* 16 M. & W. 346. Other questions raised by the exceptions were waived at the hearing. *Exceptions sustained.*