JOSIAH PENLEY *vs.* CALVIN RECORD *et al.*

Androscoggin, 1874.—August 28, 1876.

*Pleading.*

The description of the defendant party in a declaration upon a promissory note signed by two persons, as of the singular number, "defendant," is not good cause for special demurrer, where it is clearly discernable from the declaration, as a whole that both of the persons sued are intended to be described as promisors.

Such a clerical error will not be allowed to have effect, despite the proof that it is an error and against the true intent and meaning of the declaration considered as a whole.

ON EXCEPTIONS.

ASSUMPSIT, "for that the said *defendant*, at said Auburn, on the twenty-eighth day of November, in the year of our Lord one thousand eight hundred and seventy, by their promissory note of that date by them signed, for value received, jointly and severally, promised the plaintiff to pay him or his order the sum of four hundred dollars in six months, with interest," etc. There was but one count in the writ.

The defendants demurred to the writ and declaration and assigned for causes of demurrer "that the plaintiff has not, in or by his said declaration, alleged or shown that both of said defendants signed said note declared on, nor which of the said defendants so signed the same ; nor does the plaintiff allege in or by his said declaration which of the said defendants severally signed said note, nor does it appear by said writ or declaration but that one or the other of said defendants have paid said note and prior to the bringing of said suit; nor does it appear in or by said declaration but that said note has been paid; by means whereof," etc.

The presiding justice overruled the demurrer, and adjudged the declaration good ; and the defendants alleged exceptions.

*C. Record* and *L. H. Hutchinson,* for the defendants.

The defendants demurred specially, assigning for cause the uncertainty as to which of the two defendants executed the note.

It has been suggested that the term "defendant" was legally applicable to and included both defendants; or, in other words, that the singular may include the plural in such a case. But this is an error; such a construction only applies to statutes. R. S., c. 1, § 4.

"The certainty necessary, in a declaration, is to a certain intent in general, which should pervade the whole declaration, and is particularly required in setting forth the parties, time, place and other circumstances necessary to maintain the action." 1 Chitty on Plead., tit. Declaration, page 256.

While the declaration might be sufficient, in case of a default or verdict, yet it is not so when the defect is shown as cause of demurrer. The declaration should set forth the cause of action with as much certainty as the return of a levy on real estate. *Hathaway* v. *Larrabee,* 27 Maine, 449. *Harriman* v. *Cummings,* 45 Maine, 351. *Ware* v. *Barker,* 49 Maine, 358.

In *Hathaway* v. *Larrabee,* the court say : "the plaintiff contends, that the several persons named as defendants in that writ constituted the party defendant and that the officer must be regarded as using the term defendant, to designate the party defendant composed of three persons. This is not in accordance with the common use of language as exhibited in judicial proceedings

to designate parties 'defendant,' when there are more than one. When the plaintiffs or defendants in a suit have been numerous, courts have authorized and even required that the terms plaintiffs or defendants should be used in the pleadings instead of all the names; but they do not appear to have authorized them all to be regarded as one and to be designated by the use of one of those terms in the singular number." *Meeke* v. *Oxlade,* 1 B. & P. New Reports, 289. *Davison* v. *Savage,* 6 Taunt. 121. "Such a use of language to designate several persons as parties defendant is not usual in common parlance." But the court enforce this view further by the following decisive language:

"When several persons subscribe an instrument containing a covenant or promise in language applicable to one person only, they are, as the. plaintiff contends, all bound. Each one by subscribing the instrument adopts the language as applicable to himself. There is little of similarity between such a case and the present. Neither of the defendants in that suit adopted the language used by the officer or appropriated it to himself."

So in this case, neither of the defendants has "adopted," the term "defendant" in the plaintiff's declaration as applicable to himself. Instead of that, they have shown the uncertainty of the term as a cause of demurrer; and we contend that the demurrer ought to be sustained, and the exceptions also.

*N. Morrill & G. C. Wing,* for the plaintiff, admitted that the word "defendant," the fifth word in the declaration after the word case, should have been written in the plural number instead of the singular, as it now is by mistake; but claimed that notwithstanding that mistake or .circumstantial error the persons of the defendants and the case could be rightly understood by the subsequent terms and allegations in the declaration taken together. R. S., c. 1, § 4, rule II. R. S., c. 82, § 9.

DICKERSON, J. The principle cause assigned for the demurrer is the alleged uncertainty as to which of the defendants signed the note in suit. It is argued in support of the demurrer that the designation of the defendant party in the declaration, as of the singular number, renders it uncertain which of the defendants executed the

notes. This would undoubtedly be good cause for demurrer, if it was not obviated by the subsequent language of the declaration. From that it appears that the note sued is described as "their promissory note by them signed," and that the promise to the plaintiff was "joint and several." This phraseology obviously refers to, and designates both of the defendants previously named in the writ as the promisors, the one equally with the other, and shows that the use of the singular number in the previous description of the defendant party was a clerical error. The intendment of the declaration, as a whole, is clearly discernible from the language used, and that is all that the rules of pleading require. To give effect to a clerical error despite the proof that it is an error, and against the true intent and meaning of the declaration, as a whole, would not only be repugnant to common sense, but a refinement even of the theories of the old writers upon pleading.

The case of *Hathaway* v. *Larrabee*, 27 Maine, 449, 452, cited by the counsel for the defendants is inapplicable. Waiving the question, whether the same certainty in the description of parties is required in a declaration as in an officer's return of an attachment of real estate, there is a wide difference between the two cases. In that case there was nothing to explain, qualify or control the return of the officer that he had "attached all the right, title and interest the defendant had in any and all real estate," &c., upon a writ against three defendants. The court held that this language was too vague and uncertain to create a lien upon the estate of either one of the defendants. In delivering the opinion of the court in that case, Shepley, J., observes, that "courts will give effect to returns made by officers, though informally made, when the intention is sufficiently disclosed by the language used to be clearly discernible," thus indorsing the doctrine we have applied to the case under consideration.

The other ground of demurrer is not valid, and is not relied upon in the argument. *Exceptions overruled.*

*Declaration adjudged good.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.