J. W. RIGGINS v. A. HINCHMAN.

(No. 3464.)·

APPEAL from McLennan County.  Opinion by HURT, J.

*(Transferred from Austin.)*

CLARK & DYER, counsel for appellant.

JENNINGS & BAKER, counsel for appellee.

§ 30. *Liquidated damages; penalty; rules as to; contract construed to provide for liquidated damages.* Hinchman brought this suit to recover against Riggins for a breach of the following contract in writing, viz.:

"This agreement, made and entered into this the 20th day of August, A. D. 1879, by and between A. Hinch-

man of the first part, and N. B. and J. W. Riggins of the second part, all of the city of Waco, witnesseth: That for and in consideration of the party of the first part purchasing from the parties of the second part seven (7) Tennessee wagons, all complete, except sheet, delivered at Hinchman's store, for $306 cash, the receipt of which is hereby acknowledged, and $100 due and payable sixty days from this date: Now in consideration of above, parties of the second part bind themselves not to sell directly or indirectly in the city of Waco any wagons for a term of two (2) years commencing from above date. It is understood and agreed by both parties to this agreement that they will mutually use their influence in furthering the sale of any goods in their respective lines during the continuance of the term of two years from this date, and pledge themselves to carry out the terms of this contract to the best of their ability. The party of the second part bind themselves to pay the party of the first part the sum of $500 forfeit for any failure on their part to comply with the terms of this contract.

(Signed) " A. HINCHMAN. [L. S.]

"N. B. & J. W. RIGGINS." [L. S.]

Defendant answered by general denial. Upon the trial the plaintiff proved that on or about June 20, 1881, defendant sold to one Warren in Waco, Texas, a four-horse Tennessee wagon. Plaintiff also proved that he had fully and faithfully performed his part of said contract. The case was tried by the judge without a jury, and he found as a conclusion of law that the amount specified in the contract was liquidated damages and not a penalty, and rendered judgment for appellee for said amount, $500 and costs. This conclusion of the judge is assigned as error. *Held:* We will not attempt a review of the numerous conflicting decisions upon the vexed question here presented, but will content ourselves with referring to rules of construction, and some of the authorities in support thereof, which we think will be conclusive of the present case. One rule is, " that the action of the

court shall not be defined and determined by the terms which the parties have seen fit to apply to the sum fixed upon. Though they call it a penalty, or give it no name at all, it will be treated as liquidated damages, that is, it will be recognized and enforced as the measure of damages, if, from the nature of the agreement and the surrounding circumstances, and in reason and justice, it ought to be." [3 Par. on Con. 157.] "An agreement not to engage in a particular business or profession belongs to that class with respect to which the parties may liquidate damages." [Whitfield v. Levy, 6 Vroom, 149; Hoagland v. Segur, 9 Vroom, 230.] "Where the damages are altogether uncertain, and yet a definite sum of money is expressly made payable in respect to it, by way of liquidated damages, those words must be read in the ordinary sense, and cannot be construed to import a penalty." [1 Sutherland, Dam. 522, and note.] This same learned author, after stating the general rule, "that if a gross sum is stipulated to be paid for any failure to fulfill an agreement consisting of several parts, and requiring several things to be done or omitted, it is a penalty"— adds: "There is one class of contracts in which the general construction of stipulations liquidating damages may at first sight seem to be in conflict with this doctrine; contracts of a negative character requiring a party to abstain continuously from doing certain acts, as in contracts to discontinue a nuisance, or contracts to secure enjoyment of the good will in a certain trade or business. A contract of the latter description contains a guaranty against competition from the promisor for a certain time, and at a specified place, or in some limited district. He agrees not to engage in that business for such time, within that space, and if he does, or if he violates the contract, or fails to fulfill it, he will pay a certain sum. In general, a single violation, though it be accomplished in one day, and is confined to a small part of the district, subjects him to liability for the stated sum. . . . Such agreements are in general such as

to require one continuous act of abstention, and the consideration and the amount required to be paid evince the intention that such stipulated sum be paid for a minimum of violation." [1 Sutherland, Dam. 525. See, also, Dakin v. Williams, 19 Wend. 447; Dunlap v. Gregory, 10 N. Y. 241; Bagley v. Peddie, 16 N. Y. 469.] Again, Mr. Parsons says: "The sum agreed upon will be treated as penalty, unless, first, it is payable for an injury of uncertain amount and extent; and second, unless it be payable for one breach of contract, or, if for many, unless the damages to arise from each of them are of uncertain amount." [3 Par. Con. 159.] "Where one binds himself in a sum certain not to carry on, or allow to be carried on, any particular business within certain limits, or time named, the sum will generally be regarded as liquidated damages, and not as a penalty." [Penley v. Record, 66 Me. 414; Cushing v. Drew, 97 Mass. 445; W. & W. Con. Rep. §§ 287, 288.] In the case at bar, the purpose of the contract was to secure the plaintiff against competition, in a particular line of business, from the defendant. This is evidenced by the terms of the contract itself, and by the circumstances under which it was entered into by the parties. By the terms of the contract the good will of that particular business passed from the defendant to the plaintiff. The damages which would probably result from a violation of such contract on the part of the defendant are uncertain and difficult to be proved and ascertained; and when we consider the consideration of the contract, and the advantages sought to be secured, the sum fixed is not unreasonable or unjust. The evidence showed that plaintiff purchased the wagons from defendant for the purpose of retiring defendant from that business, that he, plaintiff, might carry on the sale of that make of wagons without competition on the part of defendant. We think the court did not err in its judgment.

November 25, 1885.              Affirmed.