FITZ W. GUERIN *vs.* WILLIAM H. STACY & another.

Suffolk.    November 15, 1899. — March 28, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Breach of Bond — Liquidated Damages.*

A lessee gave a bond to his sublessee conditioned that, if through the acts of the former the lease should be terminated or the sublessee ousted before the expiration of the term, the obligation should remain in force and the obligor should pay the obligee the sum of $2,500 as liquidated damages.    The sum named was also the penalty of the bond; and it was implied that if the sublessee should enjoy his term undisturbed the obligation should be void.    The bond was dated August 17, 1894.    The lease would have expired in July, 1898.    It was terminated in July, 1897, and the sublessee, finding that he would be recognized by the owner only as a monthly tenant, gave notice and left the premises on October 22, 1897.    *Held,* in an action for a breach of the bond, that the sum named was liquidated damages and not a penalty.

CONTRACT, on a bond of Charles W. Parrish of St. Louis, with William H. Stacy as surety, dated August 17, 1894, for the payment of $2,500 to the plaintiff, on the following condition :

" Whereas, the said Charles W. Parrish has heretofore leased of one Mrs. Riley, the building known as No. 409 North Broadway, in said city of St. Louis, and has sublet to Fitz W. Guerin,

the fourth and fifth floors thereof; and whereas, said Guerin has expended a large sum of money in improving and arranging said floors for a photograph gallery; and whereas in the lease from the said Mrs. Riley to said Parrish, the right is reserved on the part of Mrs. Riley and her heirs, representatives or assigns, upon the happening or not happening of certain contingencies, to declare a forfeiture of said lease, in which event the term granted by said Parrish to said Guerin would also terminate and expire, and the said Guerin would lose the benefit of said expenditures; and whereas, to indemnify the said Guerin in such event, the said Parrish heretofore executed to him a bond of indemnity with one Edward B. Wolff, as surety, and whereas the said Wolff desires to have the said bond cancelled, and the said Guerin has agreed so to do upon being furnished with these presents in lieu thereof.

" Now, therefore, if through any act or acts on the part of said Parrish, or his heirs, legal representatives or assigns, the said lease should become forfeited or terminated before the expiration of the term for which the said fourth and fifth floors were let to said Guerin, or if through any fault of the said Parrish, the said Guerin should be ousted from said premises before the expiration of his said term (other than the destruction of said building by accidental fire or by the elements), then this obligation shall remain in full force and effect and the said Parrish and his surety hereto shall pay the said Guerin, the sum of twenty-five hundred dollars as liquidated damages."

At the trial in the Superior Court, before *Aiken*, J., the jury returned a verdict for the plaintiff in the sum of $25; and the plaintiff alleged exceptions, which appear in the opinion.

*G. F. Manson*, for the plaintiff.

*J. W. Spaulding*, for the defendants.

HOLMES, C. J. This is an action upon a bond given by a lessee to his sublessee, and conditioned that if through the acts of the former his lease should be terminated or the sublessee ousted before the expiration of the term the obligation should remain in force and the obligors should pay the obligee the sum of $2,500 as liquidated damages. The sum named is also the penalty of the bond. It is not expressed, but it is implied that if the sublessee should enjoy his term undisturbed the obliga-

tion should be void. The bond was dated August 17, 1894. The lease would have expired in July, 1898. It was terminated in July, 1897, and the plaintiff, finding that he would be recognized by the owner only as a monthly tenant, gave notice, and left the premises on October 22, 1897. The case is before us on a single exception taken by the plaintiff to a ruling by the judge who tried the case that the sum named in this condition was a penalty and not liquidated damages.

There is no doubt that a sum which is to be paid upon the breach of a primary undertaking may be treated as a penalty in some cases, notwithstanding the fact that it is called liquidated damages in the contract. The typical case is where it secures several promises of varying importance, one or more of which is for the payment of a much smaller sum of money. *Fisk* v. *Gray*, 11 Allen, 132. *Wallis* v. *Smith*, 21 Ch. D. 243, 257, 268, 275. But we heartily agree with the Court of Appeals in England that so far as precedent permits the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word. *Wallis* v. *Smith*, 21 Ch. D. 243. *Atkyns* v. *Kinnier*, 4 Exch. 776, 783. In the language of Baron Parke in the case last cited, "If there be a contract consisting of one or more stipulations, the breach of which cannot be measured," as in theory of law the damage caused by a failure to pay money can be, "then the parties must be taken to have meant that the sum agreed on was to be liquidated damages and not a penalty."

In the present case, the stipulation was of the class described by Baron Parke, and in substance it was only one, an additional reason for taking the contract literally. It is true that at first sight it looks as if the damage contemplated as resulting from a breach would vary very much in importance according to the time when the breach occurred. But that is not enough to change the construction of the document, and the variation will seem less striking if it be considered that probably what was intended to be provided against was the loss of the plaintiff's stand and the general inconvenience of moving, or of risking a stay upon an uncertain tenure. It is true that if the plaintiff

remained in until the end of the term he took his chance of being able to remain longer, but it was a chance unimpaired and likely to be favorable. If the term was forfeited, he was more likely to go out with his lessor, and if he was ousted, that was an end of the matter. The small verdict in the present case does not give any disturbing proof that the real damage was small, because the plaintiff probably relied upon his claim for the whole sum stipulated and put in no evidence of actual damage. The fact that the instrument was in the form of a bond (although repeating the sum to be paid in the condition, see *Mercer* v. *Irving*, El. Bl. & El. 563,) makes no change in the result. *Leary* v. *Laflin*, 101 Mass. 334.

*Exceptions sustained.*