JAMES G. MORRISON *vs.* EDWARD M. RICHARDSON.
EDWARD M. RICHARDSON *vs.* JAMES G. MORRISON.

Middlesex.    January 7, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Damages*, Liquidated.  *Practice, Civil*, Auditor's report, Conduct of trial, Judge's charge, New trial.  *Evidence*, Presumptions and burden of proof.

A landowner, who was constructing a building on his land for the purpose of letting stores and tenements, after a contractor who had agreed to finish the building by August 1 had failed, undertook to finish the building himself.  When the building was ready for the doors, he made a contract with a manufacturer for certain numbers of doors, windows, sashes and blinds, to be finished within certain numbers of days named varying from one to twenty.  At the time of making the contract, which was dated August 26, the landowner informed the manufacturer that he was in a great hurry to receive the doors in order that they might be put in at once as they were received and that it was important for purposes of letting that the whole building should be ready for the fall season.  Thereafter there was inserted in the contract the following clause: "In case of any failure on his part to perform this agreement within the time specified according to the tenor thereof said R. agrees to pay said M. the sum of $10 per day until he shall have fully performed said agreement, as damages."  The contract called for eighty cypress doors to be delivered in eight days.  The cypress doors were to be used in the tenements.  Twenty-eight of these doors were furnished by the manufacturer and were used to finish one tenement which was let to a tenant early in October.  In some of the other tenements tenants moved in paying less than the full rent until the doors were finished.  In an action by the landowner against the manufacturer for a breach of the contract, it was *held*, that the provision of the contract above quoted must be interpreted in view of the circumstances under which it was adopted and as relating to a substantial and not to a trifling or unimportant breach of the contract, and so interpreted it should be enforced as an agreement for liquidated damages; *also*, that the fact that the plaintiff let a part of the premises and used a part of the doors did not affect his right to recover the stipulated damages, as the provision that in case of failure of performance within the time specified the defendant should pay the sum of $10 per day "until he shall have fully performed said agreement" covered a partial breach as well as an entire one.

In the trial of an action of contract before a jury where there is an auditor's report in which he finds for the plaintiff, and there also is oral evidence, the auditor's

report, although it is *prima facie* evidence, does not affect the burden of proof, which always remains on the plaintiff to satisfy the jury by a preponderance of the evidence, upon a consideration of the auditor's report and all that is contained in it together with the other evidence, that he is entitled to damages.

Where a presiding judge in his charge to the jury has made use of expressions which taken by themselves are objectionable, but at the close of the charge, on his attention being drawn to the matter by counsel, in the presence and hearing of the jury, assents to a correct statement of the law and adopts it, there is no ground for exception.

Where in an action of contract the plaintiff obtains a verdict but excepts to the rulings of the presiding judge as to the assessment of damages, and his exceptions are sustained, he may retain the advantage of his verdict on the question of liability, and the new trial granted to him will be confined to the question of damages.

CROSS ACTIONS OF CONTRACT upon an agreement in writing as described in the opinion. Both writs dated January 8, 1896.

The contract sued upon was as follows:

" $450.

" This agreement made this 26th day of August, A. D. 1895, between E. M. Richardson, of Waltham, and James G. Morrison, of Somerville, all in the County of Middlesex and Commonwealth of Massachusetts.

" Witnesseth that said Richardson agrees to furnish the following material for the sum of $450.00 to James G. Morrison, for his building corner Pearl and Walnut streets, in said Somerville, all to be of the best of its respective kinds or to be made so promptly at said Richardson's expense, and all to be subject to the approval of J. F. Cobb, Architect. All to be according to plans and specifications for the building, namely: all doors, windows, sash and blinds necessary to complete the said building as per schedules of even date signed by the said J. F. Cobb, Architect; the same to be furnished within the following time:

    4 Pine Doors within       2 days
    5 Oak    "     "        1  "    (including store doors)
  80 Cypress "     "        8  "
    4 set & 3 prs. Blinds within 3  "
  10 Windows and 22 Sash  "    4  "    (including store sash)
    Balance of schedule of Doors within 20 days. Of windows, sash and blinds within 10 days from date.

"In case of any failure on his part to perform this agreement within the time specified according to the tenor thereof said Richardson agrees to pay said Morrison the sum of Ten Dollars per day until he shall have fully performed said agreement, as damages. And in consideration of the performance of said agreement on the part of said Richardson, said Morrison agrees to pay said Richardson the sum of $450.00 within 1 days from the last delivery.

"E. M. Richardson<br>
James G. Morrison

"Witness, John T. Foster."

In the Superior Court the cases were tried together before *Bond,* J. Both cases had been referred to an auditor, who made two original reports and a supplemental report, all of which were introduced in evidence at the trial.

It appeared in evidence that the building referred to in the contract contained on one side three stores on the ground floor with two tenements over them, and on the other side three tenements; that the oak doors called for in the contract were to be used for outer doors and for the stores; that these oak doors were furnished within the time specified in the contract; that two of the stores were let early in October, and the third the first of November; that the cypress doors were to be used in the tenements; that the cypress doors furnished by Richardson and used by Morrison were twenty-eight in number and were used to finish up one tenement, which was let to a tenant early in October, who paid his rent from that time; that in some of the other tenements tenants moved in before the doors were furnished; that one of these other tenants paid about half the rent for the period before the doors were furnished. There was evidence tending to show that Morrison originally made a contract with a contractor for the construction of the entire building by which the contractor agreed to finish the building by August 1, 1895; that owing to the failure of the contractor the contract was terminated and Morrison undertook to finish the building himself; that for this purpose he employed an architect and carpenters to do the work by the day, and that at the time of the contract with Richardson they were working on the building and the building was ready for the doors, and Morrison was in a

great hurry to receive the doors in order that they might be put in at once as they were received; that it was important for purposes of letting that the whole building should be ready for the fall season; that Morrison called Richardson's attention to all these facts and that thereafter the clause in the contract with reference to $10 a day was inserted and the contract was signed. Richardson introduced evidence to the contrary.

The judge submitted the following questions to the jury:

1. Did Morrison use some of the cypress doors at the request of Richardson or his attorney and upon the promise of Richardson or his attorney that Richardson would furnish proper doors in place of those which were not in accordance with the contract?

2. Did Morrison delay ordering the sixty doors to replace those claimed to be not in accordance with the contract until December 14, 1895, at the request of Richardson or his attorney for the purpose of allowing Richardson or his attorney to furnish other doors in place of those which Morrison refused to accept?

The jury answered both of these questions in the affirmative.

Morrison introduced evidence tending to support the affirmative answer to each of these questions and Richardson introduced evidence to the contrary.

Morrison asked the judge to rule as follows:

1. The sum of $10 per day specified in the contract is to be treated as liquidated damages and not as a penalty.

2. The fact that the plaintiff accepted and used some of the articles specified in the contract and obtained the rent from a part of his building does not necessarily limit his right to recover thereafter the sum of $10 per day from the defendant so long as the defendant remained in default as to a substantial and important part of the contract.

3. If the defendant was in default as to a substantial and important part of the contract the plaintiff is not prevented from recovering the sum of $10 per day so long as that default continued by the fact that the plaintiff could have procured the goods to be manufactured by others provided that his failure to do so was due to the defendant's request or to the plaintiff's reliance upon the defendant performing his contract and furnishing

doors in conformity with its provisions and provided that such reliance was reasonably justified by the defendant's conduct.

The judge refused to make any of these rulings and Morrison excepted.

At Richardson's request the judge instructed the jury that upon the facts found by the auditor and upon all the evidence in the case Morrison could not recover as liquidated damages the sum of $10 per day specified in the contract but only the actual damage which he sustained and the jury was directed to assess such actual damage. To this ruling Morrison excepted.

In *Richardson* v. *Morrison* the jury found for the defendant. In *Morrison* v. *Richardson* they found for the plaintiff and assessed the damages at $586.42. Both parties alleged exceptions.

The exceptions of Richardson to the refusal of the judge to make certain rulings requested by him in regard to the assessment of damages have been made immaterial by the decision of the court.

The colloquy which took place at the close of the charge between the counsel for Richardson and the presiding judge in regard to the effect of the auditor's report, which is referred to in the opinion, was as follows:

" Mr. Mayberry. — Then, if your honor pleases, I also desire to save an exception to your honor's instructing the jury that they are to take the auditor's report unless the other evidence satisfies them that it is wrong, and to ask your honor to rule in place of that that they may take the auditor's report as *prima facie* evidence, and consider all that is contained in the auditor's report, as well as the rest of the evidence, and use their own judgment and experience —

" The judge. — Have n't I told them that, in substance ?

" Mr. Mayberry. — No, your honor, I understood your honor to say that they must follow the auditor's report unless the other evidence in the case satisfies them that it is wrong.

" The judge. — I did tell them that, that they could take the auditor's report, which was evidence in the case, and which was *prima facie* evidence in the case, and take all the other evidence that was in the case, and then say what their conclusion was. If they were satisfied that the auditor's report was right, then they would take that.

" Mr. Mayberry. — But, if upon the whole evidence, with the burden of proof upon the plaintiff, if upon the whole evidence, the auditor's report and all the facts contained in it and all the other evidence, the plaintiff in the Morrison-Richardson case fails to satisfy them by a fair preponderance of the evidence that he is entitled to those damages, then they are not entitled to recover.

" The judge. — That is true. Yes, sir."

This colloquy took place in the presence and hearing of the jury.

*E. R. Thayer*, (*H. S. Davis* with him,) for Morrison.

*G. L. Mayberry*, (*J. M. Gibbs* with him,) for Richardson.

MORTON, J.    These are cross actions of contract growing out of the same written agreement. The cases are here on exceptions by both parties: by Morrison to the refusal of the judge to rule and instruct the jury that the damages were liquidated, the effect being as he contends to reduce the damages to which he was entitled, and by Richardson to the refusal of the judge to give certain instructions that were asked for and to certain instructions that were given in regard to the auditor's report. There was a verdict for Morrison in each case.

We take up first Morrison's exceptions. The agreement provided for certain doors, sashes, windows and blinds, to be furnished by Richardson within certain specified times varying from one to twenty days, for a building belonging to Morrison, and contained the following stipulation : " In case of any failure on his part to perform this agreement within the time specified according to the tenor thereof said Richardson agrees to pay said Morrison the sum of ten dollars per day until he shall have fully performed said agreement, as damages." At the time when the agreement was entered into Morrison was in possession of the building. A previous contractor had failed, and Morrison was finishing the building himself. There was testimony tending to show, amongst other things, that Morrison called the attention of Richardson to the facts that it was very important that, for the purpose of letting, the building should be ready for the fall season, that he was in a great hurry for the doors which he should put in as received, that he would suffer if he did not get the doors in time, and that he did not wish him to take the contract unless he could comply with its terms, and that thereafter the

clause in question was inserted in the agreement and the agreement was signed by both parties.

It seems to us plain that considering the circumstances under which the agreement was entered into the stipulation should be construed as being in fact what it purports to be in terms, namely, an agreement between the parties as to the measure of the damages which Morrison would sustain if Richardson did not perform his contract as he agreed to. The matter is one of construction of the written words, but the circumstances under which the contract was entered into, the subject matter and the situation of the parties may and should be taken into account in determining the sense in which the parties used them, and what their intention was. The contract itself shows from the promptness with which delivery was to be made that time was important. This also appears otherwise. Both parties recognized the necessity that there was for promptness of delivery and contracted with reference to it and to the damages which the plaintiff would sustain by delay. And in fixing a per diem compensation at the rate of $10 a day to be paid by the plaintiff as damages until he performed his contract the parties could, it seems to us, have had no other object in view than to estimate and agree beforehand upon what should be taken to be the plaintiff's loss if the defendant did not perform his contract substantially according to the agreement. There is no suggestion of a penalty, and the fact that the contract provided for the delivery of different things at different times does not, it seems to us, render it necessary to construe the stipulation as penal in its nature. It is true that the things to be delivered might vary with respect to their importance and to the damage resulting from failure to deliver at the times named. But the stipulation must be construed, we think, as relating to a substantial and not a trifling or unimportant breach. *Hall* v. *Crowley*, 5 Allen, 304, 306. So construed the rate of compensation cannot be said to be excessive, nor the stipulation to be unreasonable and unconscionable and therefore penal. From the nature of the case the damages would not be easy to determine and the parties well may have chosen to agree upon them beforehand. Neither do we think that the fact that Morrison rented a part of the premises and used a part of the doors affects his right to recover the stipulated damages. He

was in possession of the premises when the contract was entered into, and it was contemplated, we think, that Morrison could use the articles as furnished, and that there might be a partial breach to which the liquidated damages would apply as well as to an entire breach.   This is the only reasonable construction, it seems to us, of the words "until he shall have fully performed."   Cases like *Shute* v. *Taylor*, 5 Met. 61, do not, therefore, apply.   It follows that the instruction requested by Morrison that the sum of $10 per day is to be treated as liquidated damages and not as a penalty should have been given, and that his exceptions must be sustained.  *Lynde* v. *Thompson*, 2 Allen, 456.  *Leary* v. *Laflin*, 101 Mass. 334.  *Guerin* v. *Stacy*, 175 Mass. 595.  *Garst* v. *Harris*, 177 Mass. 72.  *Phaneuf* v. *Corey*, 190 Mass. 237.  *Sun Printing & Publishing Association* v. *Moore*, 183 U. S. 642.  *Clydebank Engineering Co.* v. *Yzquierdo*, [1905] A. C. 6.  *Wallis* v. *Smith*, 21 Ch. D. 243.

Richardson's exceptions remain.   The conclusion to which we have come in regard to the stipulation as to damages renders it unnecessary to consider any of them except that relating to what was said by the judge in his charge with reference to the effect to be given to the auditor's report.   The sum agreed upon by the parties must be taken to cover and include all damages sustained by Morrison in consequence of Richardson's failure to perform his contract, and therefore the question raised by Richardson's exceptions as to the proper elements of such damage in the absence of such a stipulation cannot arise upon another trial.

There are no doubt some expressions in the charge in regard to the effect to be given to the auditor's report which, taken by themselves, are objectionable.   But at the close of the charge the counsel for the defendant called the attention of the judge to the matter and stated in the presence and hearing of the jury what he understood the law to be with regard to the effect to be given to an auditor's report, and the judge assented to it as a correct statement, and, in the course of the colloquy, asked counsel whether he had not told the jury that in substance.   We think that the jury must have understood from this that, whatever had been said before by the judge in his charge, the statement then made by the counsel for Richardson, and assented to by the

judge as a correct statement of the law, was to be taken as his final word regarding the effect to be given by them to the auditor's report. In other words, we think that the jury must have understood that if there had been error in the charge, it was then corrected. *Wyman* v. *Whicher,* 179 Mass. 276.

The result is that Richardson's exceptions must be overruled and Morrison's sustained ; but as Morrison's exceptions are only sustained in respect of the damages the new trial thus granted to him will be confined to damages only.

*So ordered.*