## In re VAN HORN.

(District Court, W. D. Michigan, S. D.   March 20, 1908.)

DAMAGES (§ 80*) — LIQUIDATED DAMAGES AND PENALTIES — CONSTRUCTION OF STIPULATIONS.

A contract by which one party agreed to buy and maintain for a term of three years a stock of patterns made by the other party, and also to buy during the term fashion sheets of not less than $222.25 in value in the aggregate, provided that in case of breach by either party the other might terminate the contract and recover as liquidated damages a sum equal to the amount to be paid for such fashion sheets.  During the time the contract ran, before the bankruptcy of the purchaser, the fashion sheets purchased amounted to about $50 per month.  *Held*, that the provision was a reasonable one, and would be construed as one for liquidated damages, as stated by the parties, and not as a penalty, and as such enforced.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*]

In Bankruptcy.   On review of order of referee disallowing claim of the McCall Company.

Stratton & Evans, for claimant.
Cady & Andrews, for trustee.

KNAPPEN, District Judge.   By the contract in question it was agreed that the bankrupt should carry for sale a stock of McCall patterns, a part of which stock had previously been purchased from claimant; further purchases to be paid for at the prices of 5 cents and 7½ cents for each pattern; the stock to be at all times kept up to $400 cost price; bankrupt to reorder once each week, or oftener, to replace all patterns sold; patterns to be kept and offered for sale on the first floor of bankrupt's place of business, and to be sold at catalogue retail prices only; the bankrupt agreeing not to sell any other patterns than the McCall patterns received from claimant during the term of the contract, which was at least 3 years and 3 months from September, 1906, and not to transfer the stock of patterns from Benton Harbor, Mich., without claimant's written consent; that at the end of the contract, if the stock was found to be less than $400 cost price, it should be brought up to that amount by the purchase of new patterns, or the difference in cash paid to claimant; that bankrupt should purchase from claimant fashion sheets in amounts specified for each separate month during the term of the contract, beginning with November, 1906, at the price of $7 per 1,000 sheets, a total of 31,750, aggregating $222.25.   Claimant agreed to take back, in exchange for other patterns, at the full contract price, all patterns purchased which should be semiannually reported by claimant as discarded, and that if, at the end of the contract period, bankrupt had paid more cash for patterns purchased than had been received for them, claimant should pay such loss in cash.   The contract contained an express provision that if either party should intentionally break it, or refuse or fail to perform it promptly, after two weeks' notice in writing given by the other, the other might, at his option, be released from all future obligations under it, and recover "as liquidated

damages, and not as a penalty, a sum equal to the agreed charge for fashion sheets during the entire term of this contract."

The bankrupt was so adjudicated about April 1, 1907, upon her own petition. Thereupon claimant filed its claim for the unpaid price of the articles furnished under the contract, and for the stipulated damages provided, construed by claimant to amount to $232.75. The referee allowed the claim on account of articles furnished under the contract, but disallowed the claim for stipulated damages, on the ground that such damages were in reality a penalty; stress being laid by the referee upon the proposition that by the terms of the contract a failure to perform it in a minor particular (as a failure to order a few fashion plates or magazines, or to pay for the same, if ordered), or a failure to perform the contract at nearly the end of the three years and three months term, though faithfully performed until that time, would subject the bankrupt to the payment of the stipulated amount.

Whether the stipulation referred to is one for damages, by way of compensation for breach of contract, or is, on the other hand, in the nature of a penalty, is the only question presented on this review. It seems clear that under this contract the actual damages for a breach are uncertain in their nature, and practically impossible to be estimated with certainty. I am therefore of opinion that the contract presented a proper case for liquidating damages. Jaquith v. Hudson, 5 Mich. 123; Calbeck v. Ford, 140 Mich. 48, 103 N. W. 516. See, also, 2 Joyce on Damages, § 1296 et seq., where the subjects of liquidated damages and penalty are fully considered.

The question remains whether the sum provided as damages is in reality in the nature of a penalty, rather than compensation. This question is to be determined by the reasonableness of the provision, in connection with the subject-matter. While the statement in the contract, that the sum provided is for liquidated damages, is not conclusive upon the proposition, yet, as expressed in Guerin v. Stacy, 175 Mass. 595, 56 N. E. 892:

"In general, when parties say that a sum is payable as liquidated damages, they will be taken to mean what they say, and will be held to their word."

The amount of the damages stipulated is not so large as to negative the idea of compensation. The contract itself does not show what amount of business the parties expected would be done under it. The contract under consideration was, however, a renewal of an arrangement previously existing, and the parties, therefore, had some practical information upon the subject. The amount of the fashion sheets to be purchased should naturally bear some relation to the amount of business expected to be done under the contract, and the stipulation as to the amount of these sheets may well have been made in view of the previous experience of the parties. It appears, by the claim presented for articles furnished under the contract, that during the months of January, February, and March, 1907, the purchases averaged more than $50 per month, and the contract contemplates that during these three months a little less than the average purchases of fashion sheets would be made. At the same rate, the purchases dur-

ing the contract period should aggregate about $2,000, and perhaps more. The damages contemplated are thus but about 10 per cent. of this amount.

I am not impressed with the proposition that these damages may be awarded for an unimportant breach. The breach merely gives the other party the right to terminate the contract, and the damages are given, not for each breach, but only as an entire award for the failure to realize the benefits of the contract during the remainder of the term, and only upon the exercise of such option of termination; and it is given to both parties alike.

Nor am I strongly impressed with the consideration that the damages stipulated are the same, regardless of the time when the breach occurs, and that they might thus be excessive in case of a breach occurring but a short time before the completion of the contract period, and so be regarded a penalty. It is common practice to insert in agreements upon the sale of a business a provision not to engage in the same business within a specified time, and to stipulate for damages in case of a breach at any time within the period limited; and such contracts have generally been enforced, without regard to whether the breach occurred near the beginning or near the end of the period limited. In such cases proof of the actual damages is not permitted, but the damages stipulated are recoverable without regard to the time when the breach occurred.

Among the cases which illustrate this proposition are Jaquith v. Hudson, supra, and Tode v. Gross, 127 N. Y. 480, 28 N. E. 469, 13 L. R. A. 652, 24 Am. St. Rep. 475. In Borley v. McDonald, 89 Vt. 309. 38 Atl. 60, a stipulation for damages was enforced for the breach of an agreement by an employé not to engage in the same business for a year after quitting his employment. In Guerin v. Stacy, supra, a stipulation for the payment of damages by the lessor, in case the lease should be terminated before the expiration of a term of about four years, was enforced, where the termination took place but a year before the expiration of the term. All these cases support the reasonableness of the amount of damages here in question.

The conclusion reached is that the stipulation of the parties should be sustained. The referee's order disallowing the claim is overruled, and the claim allowed at the sum of $222.25.