*District Court of Somerville*

No. 7794

*Northern District*

No. 4953

## CROWN EXTERIORS, INC.

v.

## FRANK J. FORLIZZI, ET AL

(May 25, 1956)

*Brooks, J.* This is an action of contract in which plaintiff seeks to recover under a written agreement to re-side defendants' house. The agreed price was in

the amount of $1495 and plaintiff seeks to recover $373.75, being 25% of the contract price as provided by the terms of the contract. The answer was general denial, violation of duty owed to defendants, cancellation, want of consideration, estoppel and misrepresentation.

At the trial before (*Brine, S. J.*) there was testimony that a contract had been duly executed between the parties calling for certain work for which the plaintiff was to be paid $1495. Nothing was to be paid down at the signing of the contract and nothing on delivery of materials. Payments were to be made in monthly installments of $32.38.

*The contract contained the following provisions "Owner agrees that in event of cancellation of this contract before work is started. (sic) Owner shall pay to contractor on demand 25% of the contract price as its stipulated damages for the breach."*

There was also evidence tending to show that men and materials were sent to defendants' premises to start work on the house but that defendants refused to permit any work to be done there and cancelled the contract. There was also evidence tending to show that plaintiff paid a third party a commission of $149.50 for obtaining the contract. No other evidence of damage was offered.

At the close of the trial, defendants made seven requests for rulings. These requests and the court's disposition of them are as follows:

1. There is not sufficient evidence to warrant a finding for the plaintiff. *Denied.*

2. The plaintiff has failed to allege and prove the performance of all covenants and conditions, precedent and concurrent, on its part to be performed, under the terms of the contract declared upon, and therefore cannot recover. *Denied — calls for findings of fact.*

3. The clause of the contract requiring payment by the defendants of "twenty-five (25%) per cent of the contract price as . . . stipulated damages" is in fact a penalty

which is void and unenforceable and for which the plaintiff cannot recover. *Denied.*

4. Agreed liquidated damages must be shown by the plaintiff to be reasonable in amount and based upon a rational method of computation and to have been within the contemplation of the parties as a natural consequence of the breach of contract. *Allowed.*

5. In order to recover upon an agreement to pay liquidated damages, the plaintiff must show that the agreed figure fairly proximates the damages actually suffered by the plaintiff. *Allowed.*

6. Failure of the plaintiff to show damages closely proximating those damages actually suffered by it, precludes recovery under the 25% liquidated damage clause. *Denied — calls for finding of fact.*

7. If the defendants or either of them cancelled or rescinded the contract prior to the commencement of any work by the plaintiff, the plaintiff cannot recover under the liquidated damage clause of the contract declared upon. *Denied.*

The court found for plaintiff in the amount of $373.75 with interest from the date of the writ. Defendant claims to be aggrieved as follows:

1. The court's refusal to give rulings Nos. 1, 3, 7;

2. Refusal to give ruling No. 2 with the notation "calls for findings of fact;"

3. Refusal to give ruling No. 6 with the notation "calls for finding of fact;"

4. Failure to find for defendants after giving rulings Nos. 4 and 5;

5. Finding for plaintiff on its declaration.

The two issues of law raised by defendant are:

1. Whether, within the meaning of the clause of the contract above quoted, plaintiff had "started work" before the contract was cancelled.

2. Whether the provision for payment of 25% of the contract price, in case of cancellation of the contract, was in the nature of a stipulated damages or a penalty.

First, what is meant by the phrase "before work is started?" Does it mean before any step is taken in connection with the carrying out of the project? That might include estimating cost, ordering materials, hiring workmen, any number of details preliminary to working on the house itself. Or does it refer to work on the premises after the workmen have arrived at the job?

Strictly speaking, work begins the moment anything is done by the plaintiff company's employees in connection with the project. It may be the purchase of postage stamps or a telephone call or any one of the preliminaries above referred to. We think the phrase is not to be so strictly construed. We believe it refers to the actual starting of the job by the workmen after arrival at the location.

As a practical matter, strict interpretation would involve difficulty in determining what activities had occurred, since on such interpretation any activity, however trivial, would be "work." There is, on the other hand, no difficulty in determining when the workmen tackle the job on the house itself. Under that interpretation the work in the case before us had not begun.

Coming now to the second question, are the so-called "stipulated damages" what the law terms "liquidated damages" as distinct from penalty. The phrase "stipulated damages" is equivalent to "liquidated damages." A fair construction of the phrase, under the circumstances of this case, is what the parties themselves have "stipulated"—namely, damages and not penalty.

It is true that the parties' characterization is not conclusive. *Shute v. Taylor,* 5 Met. 61; *Guerin v. Stacy,* 175 Mass. 595, 597. However, since one of the factors in determining whether the legal consequence is a penalty or damages is the intent of the party, *Cushing v. Drew,* 97 Mass. 445, *Garcin v. Pennsylvania Furnace Co.,* 186 Mass. 405, 412, *Kap-*

*lan v. Gray,* 215 Mass. 269, *Putnam Machine Co. v. Mustakangas,* 236 Mass. 376, the use of appropriate language by the parties is some evidence of their intention. This is nowhere better expressed than by Chief Justice Holmes in *Guerin v. Stacy,* supra, ". . . the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word."

If the amount set has a reasonable relation to possible damages it will, in all likelihood, be regarded in law as liquidated damages. Williston On Contracts, §783. Indeed it is not necessary to prove damages. *Putnam Machine Co. v. Mustakangas,* 236 Mass. 376.

In the case of *Bedard v. C. S. Ransom, Inc.,* 241 Mass. 74, the amount of liquidated damages was disproportionate to the loss—yet the court ruled that under an agreement for the conditional sale of a truck, a provision for forfeiture of the truck and payment of the entire balance due was in the nature of liquidated damages which plaintiff could recover. See also *A. & H. Finance Corp. v. Goldman,* 293 Mass. 113, *Morris Gordon & Sons, Inc. v. Totoni,* 324 Mass. 182, 186.

In the case before us, the contract price was $1495. The liquidated damages specified was 25% of this amount or $373.75. Plaintiff had paid a commission for obtaining the contract in the amount of $149.50. This left, as representing all other damage such as disbursements and loss of profits, $224.25, which is approximately 15% of the contract price,—surely not an obviously disproportionate figure.

The case on its facts is not unlike *Wheaton Bldg. & Lumber Co. v. Boston,* 204 Mass. 19, and illustration No. 3 in §339 of the Restatement of Contracts, p. 555.

We fail to find any prejudicial error in the court's finding or rulings.

Report dismissed.

Lewis S. Udelson, for the plaintiff.

Libman, Kaplan & Packer, for the defendants.