*Western District*

## HELEN C. BRYCE and WILLIAM G. BRYCE
### v.
## THELMA M. MACDOUGALL

*Present*: Garvey, P. J., Levine & Allen, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield. No. 179789.

Argued: June 28, 1965—Decided: August 4, 1965

*Garvey, P. J.* This is an action of contract

in which the plaintiffs seek to recover damages for an alleged breach by the defendant of an agreement for the purchase and sale of real estate. The answer is a general denial. After a trial there was a finding for the plaintiffs and damages assessed in the amount of $1500.00. The defendant, claiming to be aggrieved by the trial judge's action on some of her requests for rulings of law, requested this report.

*There was evidence to show that* the parties on August 27, 1964 entered into a written agreement whereby the plaintiffs agreed to sell and the defendant to buy certain real estate situated in East Longmeadow. The sale price was $18,900.00, and a deposit of $1,000.00 was made by the defendant. The closing date was *October* 28, 1964. The agreement also provided that "if the buyer shall fail to fulfill the buyer's agreements herein, all deposits made hereunder by the buyer *shall be forfeited by the buyer and retained by the seller as liquidated damages . . . .*" (emphasis supplied).

There was further evidence tending to show that on *October* 7, 1964 the defendant repudiated the agreement. By writ dated *October* 9, 1964 this action was instituted. The male plaintiff testified that, in his opinion, the fair market value of the property at the time set for performance was $16,500.00.

Defendant's request numbered six—"An action brought by the sellers before the time

of performance by the purchaser has arrived is not maintainable" was denied by the trial judge. This was error.

■■ When suit was commenced on *October* 9, 1964, the time for performance set for *October* 28, 1964 had not passed. The doctrine of recovery for anticipatory breach of contract has been rejected in this Commonwealth. *Nevins v. Ward,* 320 Mass. 70, 73. In *Gillis v. Bonelli-Adams Co.,* 284 Mass. 176 at 180, the court in interpretating the holding in the leading case of *Daniels v. Newton,* 114 Mass. 530, said:

> "If there was held that an action for breach of a written agreement to purchase land brought before the expiration of the time stipulated for the conveyance cannot be maintained by proof of an absolute refusal on the part of the defendant ever to purchase. The disposition of a party to perform his contract may change when the time for performance arrives provided his power to perform has not been taken away."

See also *Nason v. Holt,* 114 Mass. 541.

■ It was also error for the trial judge to rule that the forfeiture provision in the agreement constituted a penalty and was therefore not binding on the parties. Being unambiguous the interpretation of this clause presents "a pure question of law". *Taylor v. Gowetz,* 339 Mass. 294, 300; *Daley v. J. F. White Contracting Company,* 347 Mass. 285.

The words of Holmes, J. in interpretating the validity of a liquidated damage clause in a contract are particularly applicable in the instant case. *In Guerin v. Stacey,* 175 Mass. 595, 597, he said:

> "But we heartily agree with the Court of Appeals in England that so far as precedent permits the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore in general when the parties say that a sum is payable as liquidated damages they will be taken to mean what they said and will be held to their words".

See also *Factory v. Corbin Homes,* 312 Mass. 325, 332; *Calvin Hosmer Co. v. Paramount Cone Co.,* 285 Mass. 278, 283; *Int. Paper Co. v. Priscilla Co.,* 281 Mass. 22, 37; *Crown Exteriors, Inc. v. Forlizzi,* 11 Mass. App. Dec. 170 and Reporter's Note.

In the event of default by the buyer the sellers agreed to retain the deposit of $1000.00 as their damages. They are not entitled to anything more. *Devore v. Good,* 321 Mass. 84, 86.

*The finding for the plaintiff is to be vacated and judgment ordered for the defendant.*

Francis P. Tehan, of Springfield, for the Plaintiff.
William L. Cohn, of Springfield, for the Defendant.