CITY OF BOSTON vs. NEW ENGLAND SALES & MANUFACTURING
CORPORATION & another[1]
(and a companion case[2]).

Suffolk. April 9, 1982. — July 21, 1982.

Present: WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Contract*, Public works, Damages. *Damages*, Liquidated. *Municipal Corporations*, Contracts.

A contractor which abandoned a municipal construction contract containing a provision for liquidated damages of $40 a day for failure to complete the contract on time 'was liable for liquidated damages for the time between the agreed date of completion of the work and the date the work reasonably should have been completed by a second contractor. [822-825]

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated February 28, 1973, and April 10, 1973, respectively.

Motions for summary judgment were heard by *Donelan, J.*, a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Edmund C. Grant,* Assistant Corporation Counsel, for the city of Boston, submitted a brief.

WILKINS, J. In this appeal by the city of Boston, involving a single issue, we must determine whether the city is entitled to contractual liquidated damages for delay after the abandonment of a construction contract by the principal defendant. The city obtained an award of liquidated damages for the period between the agreed date of completion of

---

[1] Travelers Indemnity Company, the surety on the bond given by the principal defendant.

[2] New England Sales & Manufacturing Corporation vs. City of Boston.

the work and the later date on which the contractor abandoned the work. The city argues, however, that the contract provision for liquidated damages of $40 a day should not be limited to the period prior to abandonment and that liquidated damages are collectible for the entire period from the agreed date of completion to the date the work was finished by a second contractor.

We agree that the city's right to daily liquidated damages did not terminate when the defendant contractor abandoned the work, but we are not able to conclude on the record that those damages should continue until the date the second contractor completed the work. The city has not shown that the time taken to complete the abandoned work was reasonable. We conclude that it is only until the project reasonably should have been completed that liquidated damages are payable under the contract.

The defendant and the city entered into a contract on October 27, 1970, for the removal of certain traffic control cables and the installation of new cables. The work was to be completed on June 2, 1972. There was a dispute concerning the quality of the defendant's work. The contractor abandoned the work on June 29, 1972, and declined to respond to the city's complaints. The city gave formal notice of abandonment on August 4, 1972. When the surety declined to finish the work, the city sought new bids and selected a second contractor, who finished the project on May 3, 1973.

These actions were commenced, consolidated for hearing, and tried before a master, the facts found not to be final. The city sought damages. The contractor sought amounts due under the contract. Various issues that need not concern us were argued and decided by the master. The master calculated liquidated damages in favor of the city for only 26 days, from June 2 (the contract completion date) to June 28 (the date before the contractor abandoned the work). The city moved for summary judgment on the master's report and on an affidavit of the commissioner of the city's traffic and parking department. See *Vaught Constr.*

*Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 560-561
(1976). No counter affidavit was filed. Judgment was en-
tered in each action, leaving a net balance owing to the city.
The city appeals, claiming that the judge erred in conclud-
ing, in agreement with the master, that liquidated damages
were not payable on and after the date the defendant aban-
doned the work.

Our principal task is to construe the liquidated damages
provision in the construction contract. Article 15a of that
agreement reads as follows: "It is understood and agreed
that time is of the essence of this contract and that for every
calendar day that the entire completion of the work is de-
layed the City of Boston shall deduct from the final pay-
ment to the Contractor the sum of forty (40) dollars as liqui-
dated damages and not as a penalty." The language — "for
every calendar day that the entire completion of the work is
delayed" — suggests that the parties intended to use the
date of completion of the work and not the date of the con-
tractor's abandonment of the work as the limiting event in
measuring liquidated damages. Indeed, it is not easy to see
why the parties would have intended the earlier date as a
logical cutoff point.

There may, however, be some principles of contract law
that impose restrictions on this language. The city grants
that the delay in completion of the work must not be unrea-
sonable, a point to which we shall return. Further, there is
some authority that suggests that the limitation on liquidat-
ed damages adopted by the judge below was appropriate.
We turn our attention first to this point.[3]

---

[3] No brief has been filed on behalf of the contractor. Although the city
appealed from the judgment in each action, on appeal it only argues that
the judgment in its favor should be reversed and the amount awarded to it
increased. The liquidated damages clause calls for a deduction from any
amounts due to the contractor. Therefore, the matter of liquidated dam-
ages might more appropriately be regarded as a factor in determining the
amount of the judgment entered in favor of the contractor and not in de-
termining the city's damages in the action brought by it. Because the
cases were considered and decided together, and the contractor has filed
no brief here, we pass the point as one of no substantive significance.

In the first edition of his treatise on contracts, Professor Williston stated a general rule that, "if the contract is totally abandoned, the agreed [liquidated] damages cannot be recovered. The provision is construed as applying only to delayed — not to abandoned performance." 2 S. Williston, Contracts § 785, at 1501-1502 (1920). He adhered to this view. See 3 S. Williston, Contracts § 785, at 2210-2211 (rev. ed. 1936). But there was a clear disagreement among courts and authorities (see 5 A. Corbin, Contracts § 1072, at 407-409 [1964]; C. McCormick, Damages § 155, at 619 [1935]; Annot., 42 A.L.R.2d 1134, 1135 [1955]), and the authority on which Williston had relied was largely subject to question (see *Six Cos. of Cal.* v. *Joint Highway Dist. No. 13 of Cal.*, 110 F.2d 620, 625 [9th Cir.], rev'd on other grounds, 311 U.S. 180 [1940]; *Southern Pac. Co.* v. *Globe Indem. Co.*, 21 F.2d 288, 291 [2d Cir. 1927]). Indeed, the current edition of Williston acknowledges the lack of uniformity (5 S. Williston, Contracts § 785, at 734-737 [3d ed. 1961]) and speaks favorably of the proposition that abandonment of the work is a breach of contract for which liquidated damages are recoverable, citing *Austin-Griffith, Inc.* v. *Goldberg*, 224 S.C. 372, 386-388 (1953). The original Williston view has been criticised (see 24 Minn. L. Rev. 695 [1940]; 35 Ill. L. Rev. 74, 76-77 [1940]; 52 Harv. L. Rev. 160, 161 [1938]), and not followed in what we regard as the better reasoned opinions (see *Six Cos. of Cal.* v. *Joint Highway Dist. No. 13 of Cal.*, supra at 625; *Clemente Constr. Corp.* v. *P.T. Cox Contracting Co.*, 172 Misc. 904, 910 [N.Y. Sup. Ct. 1939]; *State Highway Comm'n* v. *DeLong Corp.*, 9 Or. App. 550, 557-582 [1972]).

No reported decision in this Commonwealth deals with this question. We have acknowledged the right of a party to recover reasonable liquidated damages, pursuant to a contract provision, even where the defendant has partially or even substantially carried out his contractual obligations. See *Morrison* v. *Richardson*, 194 Mass. 370, 376-377 (1907); *Phaneuf* v. *Corey*, 190 Mass. 237, 248-250 (1906).

We conclude that, where a contract provides for liquidated damages until "the entire completion of the work," the appropriate rule is to allow recovery of reasonable liquidated damages beyond the date the defaulting party abandons the work. A contrary rule would permit a party to limit his liability for liquidated damages by totally abandoning the work and would deny the injured party those damages which were agreed to as fairly measuring damage caused by delay. It is true, however, that the period of delay for which liquidated damages may be recovered must be limited to the period of reasonable delay. The injured party must act with reasonable promptness to complete the work. Unreasonable delays by any successor contractor should not be charged against the party who abandoned the work. We thus conclude that it was error not to permit the city to recover liquidated damages for the period following the defendant's abandonment of the work. The judgment must be reversed and the case remanded for a redetermination of the question of the amount of liquidated damages to which the city is entitled.

To assist in this redetermination, we discuss the question whether, as the city argues, it was entitled to recover liquidated damages for the entire period from the day the defendant abandoned the work (June 29, 1972) through to the day the second contractor completed the work (May 3, 1973). The answer to this question turns on whether the city has shown that the delay was reasonable.

From the affidavit of the commissioner of the traffic and parking department submitted in support of the city's motion for summary judgment, we conclude that the city took seasonable steps to prompt the defaulting contractor to fulfill its obligations, to obtain the participation of the surety, to put out to public bid the task of completion of the work, as required by statute (G. L. c. 30, § 39M), and to award the contract to the second contractor. The contract was awarded to the second contractor on November 15, 1972. We conclude that the city was entitled to liquidated damages at least from June 2, 1972, through November 15, 1972.

We cannot determine on the record, however, whether the second contractor completed the work within a reasonable time. We do know that the work was completed on May 3, 1973, and, of course, some time was reasonably needed after the award of the contract for completion of the work.

The question then remains whether the city is bound to accept only those liquidated damages for delay clearly shown on the record to be reasonable or whether it is entitled now to have another opportunity to demonstrate the reasonableness of the delay after November 15, 1972, before final judgment is to be entered. This question might be resolved if, in the discretion of the judge, on remand, the parties are allowed to file supplemental affidavits. Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). If the matter is to be resolved on the present record, the judge has discretion either (1) to leave the question of the defendant's liability for liquidated damages beyond November 15, 1972, to later determination (deciding all other questions by an order in the city's favor), or (2) to enter a final summary judgment covering such period of delay as the present record shows was reasonable. See 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2728, at 559 (1973).

The judgment is reversed in the action brought by the city, and that case is remanded to the Superior Court for further proceedings in light of this opinion. The city's appeal from the judgment in favor of New England Sales & Manufacturing Corporation is dismissed.

*So ordered.*